Judgment and order reversed, and new trial granted on the law and facts, with costs to the appellant to abide event. All concur.

---

### HUNTER v. BACON.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. BILLS AND NOTES—BONA FIDE PURCHASER—BLANK NOTES.

Under the law merchant and under Negotiable Instruments Law, Laws, 1897, p. 719, c. 612, providing that one can be a holder in due course of a negotiable instrument only where it is complete and regular upon its face, a bank was not a bona fide holder of notes sent to it or the payee, and indorsed to it by the payee to meet overdrafts or to cover advances, where, when the bank's cashier received them, they were blank as to amount, date, and maturity; notice to the cashier being notice to the bank.

2. APPEAL AND ERROR—REVIEW—THEORY ADOPTED BELOW.

If, in an action on notes by a transferee after maturity, defendant's liability on notes fully filled out when received by the payee's indorsee is different from that on notes not filled out as to date, amount, and maturity, the Appellate Division will not treat them differently, where the case was tried on the theory that all the notes were governed by the same rule.

3. PARTNERSHIP—ACCOMODATION PAPER.

Even if notes given by a partnership were accomodation paper, because given outside the firm's business, a partner would be liable thereon if he authorized them to be given, or if he ratified the giving of them with knowledge of the facts, or omitted to stop their issue after knowledge.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, §§ 242-249.]

Appeal from Trial Term, New York County.

Action by Wilson R. Hunter against Alexander S. Bacon. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Alexander S. Bacon, in pro. per.
Louis Sturcke, for respondent.

HOUGHTON, J.   In the opinion of this court on a former appeal (106 App. Div. 557, 94 N. Y. Supp. 880) the main facts involved are set forth, and it is now necessary to state only those material to the questions of law arising on the present appeal.

The appellant, Bacon, and one Allen, composed the copartnership firm of I. N. E. Allen & Co., lumber commission merchants doing business in the city of New York.  Bacon claims to have retired; Allen continuing the business alone, but under the copartnership name.  By the dissolution agreement Allen assumed the liabilities and was to wind up the partnership affairs, but legal notice of Bacon's withdrawal was not given.  Allen became interested in the North State Lumber Company, Limited, operating near Durham, N. C.  It became the custom for the First National Bank of Durham to permit the lumber company to overdraw its bank account, and to draw on Allen & Co., in New York, to make good such overdrafts.  Either to meet these overdrafts, or to furnish money to the lumber company, Allen sent to the bank or to the lumber company the notes in suit, payable to the order of the lumber company, signed, "I. N. E. Allen & Co."  When the cashier of the bank received them, some of them were blank as to date, time of payment, and amount, and he, or some one under his direction, filled in these blanks as occasion required, and the lumber company indorsed them, and the bank placed the proceeds to the credit of the company.  This was the general practice, and the precise situation as to the notes known as the August 4th notes.

It is claimed that authority to fill out these blanks came from Allen through the president of the lumber company, who was instructed to authorize the cashier to fill up the notes for as large an amount as the bank would take.  The notes not having been paid, they were transferred to the plaintiff after their maturity.  The plaintiff, amongst other claims, insists that the bank was a bona fide holder, and that therefore he is entitled to be so considered.  The appellant, Bacon, contends that the bank was not a bona fide holder as matter of law, and that they were accommodation notes as to himself, given by Allen & Co. after his retirement from the firm, and that he cannot be held liable on them, because the giving of accommodation paper was not any part of the copartnership business.  We think it is very clear that the bank was not a bona fide holder of the August 4th notes.  When the cashier of the bank received them, they were not complete notes, and could only be made so by filling in the amount and date and time of payment.  The cashier was engaged in the business of the bank in discounting them, and notice to him was notice to the bank itself.  Gibson v. Nat. Park Bank, 98 N. Y. 87.

The notes purported to be made in New York state, and were payable there, and by the express provisions of the negotiable instruments law (Laws 1897, p. 719, c. 612) one can be a holder in due course of a negotiable instrument only where the instrument is "complete and regular upon its face."  This statutory provision is but a codification of the rule of the law merchant, which was that a party buying commercial paper which remains in some essential particular incomplete and imperfect does not acquire the character of a bona fide holder.  Davis Sewing Machine Co. v. Best, 105 N. Y. 59, 11 N. E. 146.  The

situation is not such as existed in Chemung Canal Bank v. Bradner, 44 N. Y. 680. In that case a draft containing blanks was in the possession of the holder, and it was held that authority on his part to fill them in could be assumed from his possession. The decision was based on the doctrine that, because apparent authority had been given, it would be a fraud upon innocent parties to permit an assertion to the contrary. Town of Solon v. Williamsburgh Savings Bank, 114 N. Y. 136, 21 N. E. 168. In the present case, as to the August 4th notes, the blank notes were sent to the bank and filled in by the bank officer. There was no reliance on possession as evidencing authority to complete the instrument.

On the former appeal this court in effect held that the bank was not a bona fide holder, and it is conceded that plaintiff, by his purchase after maturity, acquired no such right unless he obtained it through the bank itself. The trial court was requested by the appellant in various forms to hold and to charge the jury that neither the bank nor the plaintiff was a bona fide holder, and his refusal was error, for which the judgment must be reversed.

On the trial and on the argument on appeal the parties treated all the notes as practically within the same legal status. But if it be assumed that the August 22d notes are legally different, because they were received by the bank from the maker filled in, but not indorsed by the payee, whose indorsement was afterwards procured by the bank, still, in view of the charge of the court and the attitude of the parties in treating all the notes as governed by the same rule, we think we should not now be called upon to separate them and treat them differently. Some of the exceptions to the charge and requests which were refused relate to both classes of notes. Viewing the exceptions as well taken at least as to some of the notes, we think we should treat the case as the parties have treated it, and hold that one rule on this appeal at least governs both kinds of notes.

On the former appeal, however, this court held that there was a question of fact as to whether the notes were as to Bacon in fact accommodation paper, or whether they were given in the course of the business of Allen & Co. Even if the notes were accommodation paper, because they were given outside the business of the firm, the appellant, Bacon, would be liable if he authorized them to be given, or if he ratified the giving of them with knowledge of the facts, or omitted to stop their issue after knowledge. Bank of Monongahela Valley v. Weston, 159 N. Y. 201, 54 N. E. 40, 45 L. R. A. 547. The plaintiff claims that they were not accommodation notes given outside the business, but were given in the business of the firm of Allen & Co.; and he also insists there is evidence of knowledge or ratification, and that in fact there was no dissolution of the firm. The appellant insists that there is no evidence sufficient to sustain a verdict upon any of these issues, and asks that the complaint be dismissed.

We think the plaintiff has a right to have a jury pass upon these questions. On a new trial, with the question as to either the bank or plaintiff being a bona fide holder eliminated, or the jury properly instructed as to the August 22d notes as the facts shall appear, the jury

can intelligently pass upon the questions of fact, unembarrassed by that feature of the case.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

