HARTINGTON NATIONAL BANK, APPELLEE, v. W. J. BRESLIN; JOHN WIEBELHAUS, APPELLANT.

FILED NOVEMBER 26, 1910.   No. 16,196.

Bills and Notes:   BLANK SPACE FOR NAME OF PAYEE:   LIABILITY OF MAKER.   Defendant signed a promissory note which was perfect on its face, with the exception of a blank for the name of the payee, and entrusted it to his co-maker who delivered it in that form to a bank two days later, before it was due, in violation of an agreement that it should be used by him in buying a meat market, that the name of the seller should be inserted in the blank, and that the note should be returned to defendant if not used for that purpose.   The bank accepted the note at its face value and afterward inserted its own name in the blank as payee.   *Held*, That the instrument is not enforceable against defendant within the meaning of that part of the negotiable instruments law relating to the filling of blanks, and containing, among other things, the following provision:   "In order, however, that any such instrument when completed may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time."   Comp. St. 1905, ch. 41, sec. 14.

APPEAL from the district court for Cedar County: GUY T. GRAVES, JUDGE.   *Reversed.*

*B. Ready,* for appellant.

*R. J. Millard, contra.*

ROSE, J.

This is a suit on a promissory note for $400, dated June 18, 1907, and due six months thence.   W. J. Breslin and John Wiebelhaus were makers and the Hartigan National Bank was the payee and holder.   The summons was not served on Breslin and the controversy is between the bank as plaintiff and Wiebelhaus as defendant.   From a judgment on the verdict of a jury for the full amount of plaintiff's claim defendant has appealed.

The substance of the defense pleaded is: Defendant and Breslin signed the note, but left a blank for the name of the payee. It was agreed between them that the note should be used by Breslin in purchasing a meat market at Fordyce from the owner whose name was at the time unknown, but which afterward was found to be Jacob Hauri. In the event of a purchase Hauri's name was to be inserted in the blank, but otherwise the note was to be returned to defendant. The insertion of the name of the bank as payee was not authorized by defendant and he never consented thereto. The proof of these facts is uncontradicted.

On plaintiff's side of the case the following facts are shown without contradiction: When defendant signed the note he exacted as security from Breslin a deed to three lots in the city of Hartington and at the time of the trial the title thereto stood in defendant's name. In the meantime he had collected the rents and profits. When the note was delivered to plaintiff it was a perfect instrument, with the exception of a blank for the name of the payee. It had not been altered and bore on its face no intimation of the agreements pleaded as a defense. Breslin delivered the note to plaintiff on or before June 20, 1907, and in addition to a cash payment it was accepted by the bank at its face value in full satisfaction and discharge of a mortgage on Breslin's property. Afterward plaintiff inserted its own name in the blank as payee, having had no actual notice of the alleged agreements between the makers.

Plaintiff contends that defendant made no defense to the note and that on the undisputed evidence the judgment rendered was proper. This position seems to be correct, if the controversy is to be determined without regard to the negotiable instruments law of 1905. Comp. St., ch. 41. According to the rules of the law merchant, when defendant signed the note without restriction, leaving a blank for the name of the payee, and entrusted it to his comaker, he gave to a *bona fide* holder implied authority to fill the blank and perfect the instrument. *Humphrey*

*Hardware Co. v. Herrick,* 72 Neb. 878; *Page v. Morrel,* 3 Abb. App. Dec. (N. Y.) 433; *Redlich v. Doll,* 54 N. Y. 234; *Spitler v. James,* 32 Ind. 202; *Gothrupt v. Williamson,* 61 Ind. 599; *Bank of Pittsburgh v. Neal,* 63 U. S. 96. Under the law merchant a *bona fide* holder was permitted to insert his name in a blank left for the name of the payee. *Townsend v. France,* 2 Houst. (Del.) 441; *Rich v. Starbuck,* 51 Ind. 87; *Greenhow v. Boyle,* 7 Blackf. (Ind.) *56; *Dunham v. Clogg,* 30 Md. 284; *Boyd v. McCann,* 10 Md. 118; *Schooler v. Tilden,* 71 Mo. 580; *Hardy v. Norton,* 66 Barb. (N. Y.) 527; *Seay v. Bank of Tennessee,* 3 Sneed (Tenn.) 557; *Close v. Fields,* 2 Tex. 232. On the record presented there can be no doubt that in taking the note the bank acted honestly, relying upon a well-established custom. On the other hand, defendant took security for his own protection, signed the note with the name of the payee left blank, and entrusted it to Breslin, thus making it easy for him to mislead the bank to its injury. Under such circumstances the courts, in administering justice independently of legislative enactments, have as a rule protected the person least at fault and allowed the loss to fall upon the one whose conduct was the principal cause of the injury. This rule should be applied in the present case unless it has been changed by statute. Before the note was signed, however, the negotiable instruments law was passed and by it the transaction in controversy must be tested. Generally this act retains the rules of the law merchant, and its purpose, as suggested by its title, is "to establish a law uniform with the laws of other states." While England and most of the states of this country have been consistent in making such statutes uniform, an examination of the holdings of the courts in which those acts have been construed indicates a diversity of opinion. The view, however, that the provisions of section 14 of the Nebraska negotiable instruments act, which is invoked by defendent herein, change the rules of the law merchant in material respects appears to be unanimous. *Herdman v. Wheeler* (1902), 1 K. B. (Eng.) 361; *Lloyd's Bank v.*

7

*Cooke* (1907), 1 K. B. (Eng.) 794; *Boston Steel & Iron Works Co. v. Steuer,* 183 Mass. 140; *Vander Ploeg v. Van Zuuk,* 135 Ia. 350, 13 L. R. A. n. s. 490, and note.

Section 14 provides: "Where the instrument is wanting in any material particular, the person in possession thereof has a *prima facie* authority to complete it by filling up the blanks therein. And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operate as a *prima facie* authority to fill it up as such for any amount. In order, however, that any such instrument when completed may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time. But if any such instrument after completion is negotiated to a holder in due course, it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time." Comp. St. 1905, ch. 41, sec. 14.

Within the meaning of this language, defendant became a party to the note "prior to its completion," and therefore, in order that it may be enforced against him, the blank "must be filled up strictly in accordance with the authority given." *Guerrant v. Guerrant,* 7 Va. Law Reg. 639. That defendant gave plaintiff no authority to fill the blank with its own name is shown by uncontradicted testimony. The verdict against him, therefore, is not sustained by sufficient evidence—a question raised in both courts by an assignment of error. For this reason, the enforcement of the statute requires a reversal, which is ordered.

REVERSED AND REMANDED.