## HUTCHINSON v. SOUTHERN ADVANCE BAG & PAPER CO. et al.*

### No. 4718.

Court of Appeal of Louisiana. Second Circuit.

Dec. 1, 1933.

Elder & Elder, of Ruston, for appellants.

John F. Phillips, of Shreveport, for appellee.

DREW, Judge.

Plaintiff sued under the Workmen's Compensation Act of Louisiana (Act No. 20 of 1914, as amended) claiming total permanent disability occasioned by a rupture or hernia in the right side, which he alleged was caused by an accident on the 25th day of October, 1932, while engaged in his duties under defendant's employ. He claims compensation at the rate of $9.92 per week for a period not to exceed 400 weeks, beginning October 25, 1932, until paid, together with 5 per cent. per annum interest on each of said installments until paid.

The accident alleged is described by plaintiff in the following words:

"Q. What were you doing? A. I was fixing to take a roll of paper off the winder and Mr. Brown was helping me. I was carrying the back and he was carrying the front and it slipped off the winder and the weight came down on me and that is when the hernia recurred. There was a sharp pain in my side.

"Q. What was the roll of paper on? A. A shaft.

"Q. And it slipped off the shaft? A. Yes, sir.

"Q. What did you do with it then? A. We were taking it off in order to put on another roll.

"Q. Did you feel any hurt at that time? A. Yes, sir. There was a pain in my side."

The defense is, first, that plaintiff was not injured while in the employ of defendant, that is, that there was no accident, as alleged by plaintiff, and in the alternative that if plaintiff was injured as alleged by him, he was barred from recovery for the reason that his said injuries, if any, were occasioned by the deliberate failure and/or refusal of plaintiff to use a device intended for his safety, the said device being a hoisting crane placed or erected at the machine at which plaintiff worked and which was placed there for the sole purpose of lifting, removing, or handling rolls of paper; further shows that plaintiff knew that the said hoisting machine, as heretofore described, was for the purpose heretofore set out; that plaintiff had used said hoisting crane and well knew that he should use it on all occasions; and that if any injuries were sustained by plaintiff, which is denied by defendant, said injuries resulted from plaintiff's deliberate failure and/or refusal to use the said hoisting crane or apparatus.

The lower court found for plaintiff, as prayed for, and in a well-written opinion fully discussed the testimony, as well as the credibility of the witnesses.

After plaintiff had testified as to how the accident occurred and that he immediately told his companion worker, Mr. Brown, about being injured, he placed Brown on the stand, but who did not remember whether the complaint was made or not. As the lower court said, Brown showed himself to be an unwilling witness for plaintiff, and plaintiff's attorney turned him over to the defendant's counsel, who examined him, but at no place in his testimony does he deny that the accident occurred as described by plaintiff. They were apparently the only two persons who knew about the accident, and Brown was the man who plaintiff claimed was helping him take the roll of paper off the winder when the accident occurred. There is no testimony to refute that of plaintiff as to the accident, and the lower court said his testimony had the ring of truth. We fully agree with the lower court that the accident occurred as described by plaintiff and that the accident caused the hernia in the right side which disabled him

*Rehearing denied January 3, 1934.

totally from performing any reasonable kind of labor.

It is admitted by defendant that on the morning after the accident plaintiff reported same to his foreman, who sent him to the company's physician for examination and treatment. The foreman was no longer in the employ of defendant and could not be found and, for some reason not shown, the defendant company's physician did not testify.

Plaintiff has not been able to perform any labor since the day of the accident. A reputable physician, living in Jonesboro, only two miles from defendant's plant, testified that he examined plaintiff six days after the accident and found him suffering with a right inguinal hernia, and that he had occasion to examine plaintiff in September, before the accident in October, for a prostate gland, and at which time he found that he had a bilateral inguinal hernia that had previously been repaired. The word "repaired," as used by the doctor, means that he had been operated on for hernia and had been cured. While it is true after such operations, hernia sometimes recurs, the evidence in this case clearly shows that its recurrence was due to the accident and injury plaintiff received on October 25, 1932, while in the employ of defendant company, and which arose out of his employment.

As to the alternative defense, we think the lower court disposed of it correctly in the following language:

"Defendant interposes the further defense that 'plaintiff is not entitled to recover for the reason that his said injuries, if any, were occasioned by the deliberate failure and/or refusal of plaintiff to use a device intended for his safety, the said device being a hoisting crane placed or erected at the machine at which plaintiff worked, and which was placed there for the sole purpose of lifting, removing, or handling rolls of paper; further shows that plaintiff knew that the said hoisting machine as heretofore described, was for the purposes heretofore set out; that plaintiff had used said hoisting crane, and well knew that he should use it on all occasions; that if any injuries were sustained by plaintiff, which is denied by defendant, that said injuries resulted from plaintiff's deliberate failure and/or refusal to use the said hoisting crane or apparatus.'

"The testimony on this point shows that there was a lifting or hoisting machine or crane, where plaintiff worked, for use in lifting heavy rolls of paper. Plaintiff knew it was there and what its use was. He had used it in lifting or hoisting heavy rolls of paper. The rolls of paper referred to weighed from 100 pounds to 3000 pounds each. The one that plaintiff and Gus Brown were handling when plaintiff was hurt weighed, it is said, about 150 pounds. It is clear to my mind, from the testimony of both plaintiff and Brown, that employees, working in the capacity that plaintiff was working in, were not required, either by defendant or by the necessity of the situation, to use the hoisting crane in handling rolls weighing from 100 to 150 pounds. I think the evidence is convincing that employees use their own judgment, with the knowledge and approval of their foreman as to the method they shall use in hoisting or lifting these rolls. It is not shown that plaintiff was ever instructed by his foreman or any other person in authority as to the necessity of using the crane. Plaintiff was using a method of lifting the roll that injured him that was approved, or at least acquiesced in, by his foreman. I have carefully examined the cases on this point submitted by counsel. I do not think plaintiff's failure to use the hoisting device was deliberate, as alleged by defendant in its supplemental petition, and does not bar his recovery."

It therefore follows that the judgment of the lower court is correct and is affirmed, with costs.