R. GOFF v. MORGAN COUNTY NATIONAL BANK.

198 So. 484
En Banc
Opinion Filed November 5, 1940
Rehearing Denied November 26, 1940

*Alfred T. Airth,* for Plaintiff in Error;

*J. L. Blackwell,* for Defendant in Error.

Buford, J.—Writ of error is to judgment in favor of plaintiff.

Declaration is in two counts identified as additional counts No. 3 and No. 4, identical except that the No. 3 count is based on one check and the No. 4 count is based on another check. Additional count No. 3 is as follows:

"Morgan County National Bank, a corporation under the laws of the United States of America, by its undersigned attorney, sues R. Goff in this the third count of its declaration for that the defendant on September 5th, 1936, by his written order for the payment of money, commonly called a check, directed to the Hamilton County Bank, Jasper, Florida, directed that there be paid to the order of one O. H. Hathcoat $350.00 and the said O. H. Hathcoat endorsed and delivered said check to plaintiff; that said check was duly presented for payment, but payment thereof was refused by the said Hamilton County Bank; that plaintiff is the holder of said check and the same has never been paid, and there is due plaintiff thereon the sum of $350.00, with interest thereon from the time said check was presented for payment at said Hamilton County Bank, to-wit: September 11th, 1936, at the legal rate of 8% per annum. Wherefore plaintiff sues the defendant and claims damages in the sum of $1,000.00."

Demurrers were interposed to both counts and overruled. Eleven pleas were filed to each count and two additional pleas were filed to each count.

Demurrers were filed to all pleas and on hearing were sustained. Then defendant presented nineteen additional

pleas to each count. The court allowed the filing of the second, third, fourth, fifth, sixth, twelfth, thirteenth, fourteenth and fifteenth additional pleas and disallowed the others. Issue was joined on the pleas allowed to stand.

Plaintiff in error presents three questions as follows:

"QUESTION I: Where a count in a declaration on a common check fails to allege the plaintiff is a good faith holder for value, or a due course holder, or allegations of similar import, and does not make the check itself a part of the count, by reference or otherwise, can the allegations of the count be aided by the presumptions contained in the Negotiable Instrument Law?

"QUESTION II. Where a plaintiff to whom a common bank check was endorsed sues thereon and does not allege he is a 'good faith holder for value, or a holder in due course, in the declaration, and the declaration does not contain allegations of similar import, is it not presumed that he has stated his strongest case thereby placing himself in the same position, so far as pleadings are concerned, as though the suit were between the maker and original payee of the check?

"QUESTION III. Upon examination of the instruments sued on in this case, the originals of which are in the files, aided by the fact that the bank, through its agent who did not know the maker, paid out the money on the checks to the endorser, O. H. Hathcoat, can it be said that the bank to whom the checks were endorsed exercised reasonable prudence and good banking in cashing the checks upon O. H. Hathcoat's endorsement, and not inquiring into his authority to negotiate the same?"

We hold that the first question must be answered in the affirmative and that each of the additional counts of the declaration states a cause of action. See Section 4732, R. G. S., 6818 C. G. L.

674

The second question must be answered in the negative because of the provisions of the statute, *supra*.

As to the third question the record shows conclusively that the defendant signed checks and authorized the payee to fill in the same in appropriate blanks. Had the checks been paid by the bank on which they were drawn, in the absence of any instructions to the contrary by the maker, then the maker would have been bound to that bank and would have had no cause of action against the paying bank, but here we have a different condition.

True, the endorsee bank was *prima facie* a holder in due course, but it undoubtedly had notice from the very appearance and physical condition of the checks, that they were irregular.

It is apparent from the face of the checks that they were made on printed form of the First National Bank of Live Oak, Florida, which had been changed with typewriter to Hamilton County Bank of Jasper, Florida. On one of the checks the name of the payee appeared to be in one handwriting, the sum payable, viz.: "Three Hundred and Fifty ($350.00) Dollars" in another handwriting, and the signature in still another handwriting.

On the other check the name of the payee and the amount thereof, viz.: "Four Hundred and Fifty ($450.00) Dollars" was in one handwriting, while the signature was in another.

It was apparent that neither of the checks was dated when presented by the payee to plaintiff and that the date line was filled in with stamp, one being dated September 5, 1936, and the other September 8, 1936.

It is further apparent from the record that the endorsee bank, plaintiff here, had had no business transactions with the maker of the checks; that the payee bank had transacted business with the payee named in the checks and that the checks were taken on the payee's endorsement.

While Section 4732 R. G. S., 6816 C. G. L., provides that every holder is deemed *prima facie* to be holder in due course, it is also provided that when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he, or some person under whom he claims, acquired the title as a holder in due course.

In this case it was shown that the payee and endorser of the checks was not authorized to issue these particular checks or to negotiate them. Therefore, it follows that the provisions of Section 4725 R. G. S., 6811 C. G. L., which are as follows: "6811 C. G. L. (4725) WHO IS HOLDER IN DUE COURSE.—A holder in due course is a holder who has taken the instrument under the following conditions: 1. That it is complete and regular upon its face; 2. that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; 3. that he took it in good faith and for value; 4. that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."—are applicable here.

If either one of those four elements as stated in the statute, *supra,* is shown to be lacking, then that showing will overcome the *prima facies* provided in Section 7432 R. G. S., 6818 C. G. L. The first requirement of the statute, to-wit: that the checks must be complete and regular upon their face, was lacking as to each transaction. Therefore, the bank took the checks subject to any defense which would have been available as against the payee named in the check.

For the reasons stated, the judgment is reversed and the cause remanded for further proceedings.

It is so ordered.

Reversed and remanded.

TERRELL, C. J., concurs.

WHITFIELD and BROWN, J. J., concur specially.

CHAPMAN and THOMAS, J. J., dissent.

BROWN, J. (concurring specially).—Additional counts 3 and 4 do not allege that the plaintiff bank was a holder in due course, or that it was a good-faith holder for value; nor do either of these counts allege facts which show that the plaintiff was a holder in due course. Nowhere is it alleged that the plaintiff bank ever cashed these checks, or paid anything of value for them. The checks themselves were not recited in the counts, or made a part of same by reference; therefore the checks could not be referred to in aid of the allegations of the counts. I think the learned trial judge erred in overruling the demurrers to these counts. The pleading must be construed most strongly against the pleader. I think therefore that both the first and second questions propounded by plaintiff in error should be answered in the negative. The presumptions contained in the Negotiable Instruments Act are, as I view them, intended to aid in making proof, but do not dispense with the necessity of stating the essentials of a good cause of action.

WHITFIELD, J., concurs.