## ZIER et al. v. EASTERN ACCEPTANCE CORPORATION. ·

### No. 651.

Municipal Court of Appeals for the
District of Columbia.
Aug. 30, 1948.

Harold P. Ganss, of Washington, D. C. (Theodore D. Peyser, of Washington, D. C., on the brief), for appellants.

Norman E. Sill, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellee, claiming to be a holder in due course of a negotiable promissory note, sued appellants, as makers, for the full amount thereof. Appellants defended upon the grounds that appellee was not a holder in due course; that they did not know they were signing a note; and that the work for which it allegedly was given had not been completed. The case was tried to a jury, but the trial court directed a verdict for appellee in the full amount of the note, with interest and attorney's fee. This appeal is from the judgment entered on the directed verdict.

The testimony of appellants, owners of a house in the District of Columbia, was that they were approached by a representative of Castle Contracting Company, and on July 31, 1947, signed a contract for the installation of storm windows and a door. By the terms of this contract appellants agreed "upon completion of said work to pay the sum of $258.00, payable in 36 equal installments of $8.34." At the time the contract was signed appellants were asked various questions regarding their financial resources, employment and other data usually included in applications for credit. According to their account, this information was written by the salesman on a form headed "Applicant's Statement" and, seeing that it was correct, they signed the form. At the bottom, underneath a perforated line, was a document headed "Note," which became the instrument sued on. Both appellants testified that they did not read the contents of the note and thought that they had only signed an application for credit.

The note in suit bears the admitted signatures of appellants and also of the salesman, who negotiated the contract, as witness. At two places in the margin there appear the penciled figures "$258.00." The note was on a printed form, but the amount, $303.84, the date when the monthly installments were to begin, December 6, 1947, and figures showing it was to be paid in 36 installments of $8.44 each were written in in ink. The alleged date of the note, October 23, 1947, and the name of the payee, Castle Contracting Company, were inserted by rubber stamp. On the face of the note there was a printed provision that it was "negotiable and payable at the office of Eastern Acceptance Corporation," appellee. On the reverse side was a printed form of endorsement making the note payable to appellee without recourse "except that the undersigned endorser warrants that the undersigned has furnished and installed all articles and materials and fully completed all work which constitutes the consideration for which this note was executed and delivered by the maker." This endorsement was signed "Castle Contracting Co. (dealer) by M. C. Gerhold, Mgr." The original of the note was introduced in evidence, but the application for credit was not produced for the stated reason that at the time of trial it was in the Newark, New Jersey, office of appellee.

The collection and credit manager of appellee testified that the application for credit was dated the same day as the note, namely, October 23, 1947. He also testified that the note was purchased by his corporation from the Castle Contracting Company on that date. He denied having any information regarding the contract or the circumstances under which it was made and testified further that he had no knowledge that the note was disputed until after appellee had mailed, in November 1947, a printed notice to appellants that his company had bought the note. Typewritten on this notice, which was received in evidence, was a notation "storm windows & screens" and a calculation showing that the cash price for the equipment was $258, that finance charges of $45.84 had been added, that the amount of the note was $303.84, that the terms were 36 payments of $8.44 each, and that the first payment was due December 6, 1947.

The identity of the person who calculated the finance charges together with the total amount of the note furnished the basis of one of the principal assignments of error made by appellants. Appellee relied wholly upon its position that it was a holder in due course, and hence that the note in its hands was not subject to the defense that the work for which it was given had not been completed. Appellants' answer raised the defense, among others, that appellee was not a holder in due course. It was conceded that when signed by appellants the note was in blank, that is, that neither the date, amount, name of the payee, due date, or number and amount of the installments had been filled in. They were filled in later by someone, and the circumstances surrounding the filling in of the blanks and the negotiation of the note to appellee thus became important and had a direct bearing upon whether appellee was a holder in due course. The endorsee of an instrument containing a blank as to any material part is not a holder in due course, be-

108

cause under such circumstances the instrument when received is not complete and regular on its face.[1]

In order to develop these circumstances, when appellee's credit manager was on the witness stand, he was asked on cross-examination whether the handwriting in the note had been done in his office, and he replied in the negative. He was then asked who had figured the finance charges as embodied in the note and shown by the notice sent to appellants by appellee. An objection to this question was sustained by the trial court, and this ruling is assigned as error here.

We believe the question was not only proper but so important that the sustaining of the objection constituted reversible error. Appellants were not bound to accept the assertion of the witness that the blanks were not filled in in his office; they had the right to cross-examine in order to test the accuracy of his statement. The sustaining of the objection cut off such cross-examination.

The burden of proof was on the appellee to prove that he was a holder in due course.[2] Appellants had made at least a prima facie case that the title of the contractor was defective in that it negotiated the note when its contract with appellants provided that the work was not to be paid for until completed. The negotiable instruments law provides that the title of a person who negotiates an instrument is defective when he obtains the instrument or any signature thereto by fraud, duress, or force and fear or other unlawful means, or for any illegal consideration, or when he negotiates it "in breach of faith" or under such circumstances as amount to a fraud.[3] This emphasizes the importance of permitting the parties to develop all the circumstances surrounding a transaction of this nature.

We realize to the fullest extent that the purpose of the uniform negotiable instruments law, in effect in this jurisdiction as well as throughout the United States, is to facilitate the negotiation of commercial paper. This beneficial purpose, however, is hindered, not furthered, by weakening the safeguards thrown by the Act around those members of the public who may be taken advantage of under the guise of the statute.

Since we are deciding that appellants are entitled to a new trial, we mention two additional points raised on this appeal. The first is that appellants claim that they signed the note under conditions amounting to *fraud in factum* or *fraud in esse contractus* in that they were led to believe they were signing only an application for credit. While there is some diversity in the authorities, the prevailing view is that where literate and reasonably intelligent people sign a promissory note but fail to read it they are negligent and are estopped from raising the question of fraud against a holder in due course.[4] Obviously they are not estopped, however, from urging on other grounds that the holder is not a holder in due course. Appellants also urge that since the note was made payable at appellee's office this constituted appellee the agent of the contractor for the purpose of collecting the note and that appellee was, therefore, estopped from subsequently acquiring the note as a holder in due course. They rely upon Palmer v. Associates Discount Corporation, 74 App.D.C. 386, 124 F.2d 225. We have concluded that the cited case does not support appellants' position and that the point is not well taken. Nev-

[1] Kastor v. Schwartzer, Sup., 41 N.Y.S. 2d 119; Nicholaras v. Stewart, Sup., 25 N.Y.S.2d 157; Goff v. Morgan County Nat. Bank, 144 Fla. 671, 198 So. 484; Moore v. Vaughn, 167 Miss. 758, 150 So. 372; In re Philpott's Estate, 169 Iowa 555, 151 N.W. 825, Ann.Cas. 1917B, 839; Munroe v. Stanley, 220 Mass. 438, 107 N.E. 1012; Tower v. Stanley, 220 Mass. 429, 107 N.E. 1010; Manussier v. Wright, 158 Ill.App. 214; Hartington Nat. Bank v. Breslin, 88 Neb. 47, 128 N.W. 659, 31 L.R.A.,N.S., 130, Ann.Cas.1912B, 1008; Hunter v. Bacon, 127 App.Div. 572, 111 N.Y.S. 820; Brannan's Negotiable Instruments, 6th Ed., 241; 8 Am.Jur. 130; 10 C.J.S. 826, Bills and Notes, § 328.

[2] Bowen v. Mount Vernon Sav. Bank, 70 App.D.C. 273, 105 F.2d 796.

[3] Code 1940, § 28-405.

[4] Mason v. Burnett, 126 Wash. 498, 218 P. 255; Britton, Bills and Notes (1943 ed.) 566.

ertheless, this fact may be taken into account along with other circumstances to determine whether appellee was a holder in due course.

█ Since other facts probably will be developed at the new trial, including the production by appellee of appellants' application for credit, we do not now decide appellants' further point that the circumstances were such as to make the question of whether appellee was a holder in due course a proper one for the jury rather than for a directed verdict. We note, however, the universal rule that unless the circumstances are such that reasonable men could draw only one inference from them, the question of whether the holder of a note is a holder in due course is one for the jury.

Reversed, with instructions to award a new trial.