CROSS, APPELLANT, *v.* THE EXCHANGE BANK CO., APPELLEE.

(No. 4849—Decided November 19, 1958.)

*Mr. Stanley Denlinger*, for appellant.
*Messrs. Brouse, McDowell, May, Bierce & Wortman*, for appellee.

STEVENS, J. By his amended petition, plaintiff alleged that—

"On February 4, 1954, plaintiff obtained a bank money order in the sum of * * * $500, payable to his brother, James D. Cross, and paid said defendant the rate required by it for said money order.

"Plaintiff thereupon sent said money order to his sister, Nanny Bast, for delivery to his brother. James D. Cross died on March 7, 1954. Said money order was not inventoried or ap-

praised in the estate of James D. Cross, and never came into the possession of the said James D. Cross or the executrix of the said estate. * * *

"Plaintiff has requested said defendant not to pay said money order, and to return the $500 of plaintiff's money * * *.

"Wherefore, plaintiff prays that said defendant be enjoined from paying out of the funds now in defendant's hands the * * * $500 represented by said money order, and for judgment directing defendant to pay the sum of * * * $500 to this plaintiff * * *."

A demurrer because of a defect of parties defendant, and because the amended petition did not state facts which showed a cause of action, was interposed, and, upon hearing, sustained. Plaintiff not desiring to plead further, the amended petition was dismissed, at plaintiff's costs.

This appeal on questions of law followed.

It will be observed that plaintiff alleged that he procured a "bank money order," payable to his brother, James D. Cross.

A bank money order is "an instrument issued by an authorized officer of a bank and directed to another, evidencing the fact that the payee may demand and receive upon endorsement and presentation to the bank the amount stated on the face of the instrument. Such an instrument is paid from the bank's funds, and liability for payment rests solely on the issuing bank." *State, ex rel. Babcock,* v. *Perkins,* 165 Ohio St., 185, at p. 187, 134 N. E. (2d), 839.

"A cashier's check * * * is a bill of exchange, drawn by the bank upon itself, and is accepted by the act of issuance; and * * * the right of countermand * * * does not exist as to it." *Drinkall* v. *Movius State Bank,* 11 N. D., 10, at p. 15, 88 N. W., 724, 95 Am. St. Rep., 693. And see: *Walker, Supt.,* v. *Sellers,* 201 Ala., 189, 77 So., 715, paragraph one of the syllabus.

In 9 Corpus Juris Secundum, Banks and Banking, Section 173, the following appears at page 382:

"* * * the general rule is that there is no right to countermand payment of a * * * cashier's check by the drawer, payee, or depositor at whose request the instrument was issued except for fraud or failure of consideration, or where payment is stopped by injunction proceedings * * *."

See also: *Madison and Kedzie State Bank* v. *Madison Square State Bank,* 271 Ill. App., 12.

In the purchase from a bank of a money order or a cashier's check, payable on its face to one other than the purchaser, the bank is the drawer, and the person named therein as the recipient of the amount specified to be transferred is the payee or drawee. When the purchaser has paid to the bank the consideration specified by it for the execution of the negotiable instrument, and the bank has prepared and delivered to the purchaser the instrument, for delivery to the payee, the contract between the bank and the purchaser of the instrument becomes executed.

The bank, as drawer, then becomes liable to the payee, drawee or endorsee, for the amount specified in the instrument, upon endorsement, presentation and demand by the payee or endorsee; and the payee or endorsee may demand and receive the amount stated on the face of the instrument, upon endorsement, presentation to and demand upon the bank.

Under the circumstances set forth in the amended petition, the purchaser had no right to countermand payment by the bank, to the payee or endorsee, in the absence of fraud, failure of consideration, or injunction order prohibiting payment—none of which are here alleged. 9 Corpus Juris Secundum, Banks and Banking, Section 173, *supra.*

Since the amended petition did not allege facts which showed a claimed legal right on the part of plaintiff to recover against defendant, and since, as a matter of law, plaintiff had no right to countermand payment of said money order by defendant bank, the petition failed to state a cause of action, the demurrer thereto was properly sustained, and the amended petition properly dismissed.

The judgment will be affirmed.

*Judgment affirmed.*

HUNSICKER, P. J., and DOYLE, J., concur.