**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ben G. MILTON, d/b/a Service Check Company, Defendant-Appellant.**

**No. 17197.**

United States Court of Appeals Sixth Circuit.

Decided Sept. 15, 1967.

Adrian B. Fink, Jr., Cleveland, Ohio, for appellant.

Joseph Kovner, Tax Division, Dept. of Justice, Washington, D. C., for appellee. Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, Lawrence B. Silver, Attys., Dept. of Justice, Washington, D. C., on the brief. Merle M. McCurdy, U. S. Atty., Bernard J. Stuplinski, Asst. U. S. Atty., Cleveland, Ohio, of counsel.

Before McCREE and COMBS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal from a decision of the District Court determining that the United States, as holder of money orders issued by appellant in the amount of $7300.00, was entitled to recover this amount from appellant. The opinion of the District Court, reported at 253 F. Supp. 89, recites the facts as stipulated by the parties and therefore we do not repeat them here.

Appellant claims that the United States failed to follow Ohio procedures in perfecting its lien on the money orders and unauthorizedly named itself payee, and therefore cannot be regarded as a holder of the instruments. Further, appellant contends that he properly stopped payment of the money orders. Finally, he contends that the return of $7300.00 to Birns constituted payment of the money orders, and therefore serves as a defense to the claim of the United States.

For the reasons stated in the District Court's conclusions of law, we find that the United States was properly in possession of the money orders and that it had authority to name the payee. Burke v. Jenkins, 128 Ohio St. 86, 190 N.E. 238 (1934) and Hartington National Bank v. Breslin, 88 Neb. 47, 128 N.W. 659, 31 L.R.A.,N.S., 130 (1910), the two cases cited by appellant in support of the proposition that a negotiable instrument can be enforced against the maker or drawer thereof only if blanks are filled in strict accordance with the authority given, are distinguishable from the instant case. In both those cases, the maker of the instrument had intended that a specific payee be named. In this case, appellant did not require that the name of any particular person be filled in

as payee. Since the United States was in possession of the money orders and was named therein as payee, it was a holder under the Ohio law then applicable. O.R.C. § 1301.01(T).

The District Court held that appellant had no right to stop payment on the money orders, and that his attempt to stop payment could therefore not defeat the claim of the United States. As appellant points out, it is the general rule that a cashier's check or money order drawn by a bank upon its own funds cannot be stopped, but there is a split of authority as to whether payment on a draft drawn by one bank upon another can be stopped. 107 A.L.R. 1463. The money orders in the instant case were drawn by appellant upon the First National Bank of Akron, and appellant argues that payment could therefore be stopped. It must be recognized, however, that the question of whether a drawer can stop a drawee from paying an instrument is distinct from the question of whether the drawer can avoid his own obligation under the instrument. See International Firearms Co., Ltd. v. Kingston Trust Co., 6 N.Y.2d 406, 189 N.Y.S.2d 911, 160 N.E.2d 656 (1959); 107 A.L.R. 1463, 1467. Regardless of appellant's power to stop the First National Bank of Akron from paying the United States, he was obligated to make such payment unless he had available a defense good against a holder. See Cross v. Exchange Bank Co., 110 Ohio App. 219, 168 N.E.2d 910 (1958); O.R.C. § 1301.64.

Appellant suggests that he does have a defense against the claim of the United States, namely that in returning $7300 to Birns he paid the money orders and thereby discharged his obligation. Birns, however, was not the holder of the money orders at the time this payment was made, and the payment of this money could therefore not discharge appellant's obligation. O.R.C. §§ 1301.34, 1301.86.

The judgment of the District Court is affirmed.