999 F.2d 540
 RICO Bus.Disp.Guide 8435
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Quinton B. McNEW, Plaintiff-Appellant,
v.
PEOPLE'S BANK OF EWING, Defendant-Appellee,
Jane Hayes, Defendant.
 No. 92-5675.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 Before KENNEDY, NORRIS and SUHRHEINRICH, Circuit Judges.
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 Plaintiff, Quinton McNew, appeals the district court's dismissal, under Fed.R.Civ.P. 12(b)(6), of his negligence and aiding and abetting fraud claims brought against defendant, People's Bank of Ewing, after one of the bank's customers defrauded him. Finding no merit in the appeal, we affirm.
 
 I. FACTS
 
 2
 The facts alleged in plaintiff's initial complaint, which must be taken as true, are as follows. Plaintiff is a permanent resident of the state of Florida. In 1988, he was defrauded of $55,000 by Henry Hayes, a resident of the state of Tennessee. For approximately ten years, Hayes and his wife, defendant Jane Hayes, ran a scheme in which they fraudulently induced numerous victims across the country to advance funds in exchange for unfulfilled promises from Hayes that he would provide them with certain heavy construction equipment.
 
 
 3
 During the course of his scheme, Hayes opened checking accounts with defendant, People's Bank of Ewing (People's Bank), a full-service banking institution chartered by the state of Virginia and located in Ewing, Virginia, near the Tennessee border. Hayes was widely reputed in and around his home town of Tazewell, Tennessee, near the Virginia border, to be engaged in a "scheme," and plaintiff maintains in his complaint that People's Bank opened Hayes' accounts with knowledge of his unsavory reputation. The bank also extended loans to Hayes, later learning that he had made false statements on his loan applications. He became delinquent in loan payments and, sometime prior to June 1988, the bank's employees were prohibited from transacting business with him without prior approval of the bank's president.
 
 
 4
 In early June 1988, plaintiff joined the ranks of Hayes' victims by sending him a $55,000 cashier's check drawn upon plaintiff's bank, Citizens and Southern National Bank of Florida (Citizens Bank).
 
 
 5
 On Monday, June 13, 1988, Hayes presented plaintiff's $55,000 cashier's check to People's Bank. In return, the bank gave Hayes two cashier's checks totaling $52,000, deposited the remaining $3,000 into Hayes' checking account, and gave him $2,200 in exchange for his check written on that account. Following the close of business that day, People's Bank forwarded the $55,000 cashier's check to its collection bank, First American Bank, in Kingsport, Tennessee.
 
 
 6
 On June 14, the president of People's Bank received a telephone call from a Citizens Bank employee informing him that Hayes obtained plaintiff's $55,000 cashier's check under false pretenses as prepayment for equipment that Hayes had already sold to others. The employee advised the president that Citizens Bank wished to stop payment on its cashier's check, but the president threatened to bring suit if it attempted to do so.
 
 
 7
 The next day, plaintiff traveled to Virginia, and met with the president of People's Bank. He also informed him that Hayes had obtained the $55,000 by fraudulent means and asked him to stop collection of the $55,000 cashier's check. The president refused.
 
 
 8
 In October 1990, Hayes confessed his liability to plaintiff in a civil suit, and on September 17, 1990, pleaded guilty to two counts of violating 18 U.S.C. §§ 1343 (wire fraud) and 2314 (defrauding and inducing a person to travel in interstate commerce). He was sentenced to prison and ordered to pay restitution to twenty-five of his victims, including $28,463.28 to plaintiff.
 
 
 9
 Plaintiff filed his complaint against Mrs. Hayes and People's Bank in January 1991, alleging violations of RICO, 18 U.S.C. § 1961-68, by defendant Hayes, and alleging that People's Bank aided and abetted the Hayes' fraud by failing to halt its execution before Hayes gained access to the fruits of the fraud; and acted with negligence and gross negligence by failing to withdraw the $55,000 cashier's check from the collection process.
 
 
 10
 On June 6, 1991, the district court granted People's Bank's motion to dismiss both claims against it, finding them time-barred under Virginia's two-year statute of limitations, which the court found applicable under Tennessee's "borrowing statute," Tenn.Code Ann. § 28-1-112.
 
 
 11
 The case proceeded against the sole remaining defendant, Jane Hayes. Then, on January 10, 1992, plaintiff asked the court to reconsider its June 6, 1991 order and grant him leave to file an amended complaint, which restated and expanded his fraud and negligence claims against People's Bank, and added new claims for breach of a constructive trust, tainted title to the $55,000 cashier's check, conversion, RICO violations, and aiding and abetting the Hayes' RICO violations. The amended complaint also expanded the claims against defendant Hayes.
 
 
 12
 The district court granted the motion to amend to the extent that "the amended complaint will be considered as to defendant Hayes only." The district court explained that it was "satisfied that the claim against the Virginia bank is time-barred. Accordingly, the motion to reconsider [the June 6, 1991 Order dismissing the bank as a defendant] is hereby DENIED."[1]
 
 
 13
 The case continued against defendant Hayes until April 15, 1992, when plaintiff entered a Consent Order of Dismissal, which made the earlier orders dismissing the claims against People's Bank final and appealable. Plaintiff timely filed a notice of appeal "from the now-final judgment resulting from the order of the district court entered June 6, 1991."
 
 II. ANALYSIS
 A. DISMISSAL OF THE ORIGINAL COMPLAINT
 
 14
 In accordance with Tennessee's borrowing statute, Tenn.Code Ann. § 28-1-112, which under certain circumstances permits a Tennessee court to borrow the appropriate statute of limitations from the state in which the defendant resided at the time the cause of action accrued, the district court dismissed plaintiff's negligence and aiding and abetting fraud claims as time-barred under Virginia's two-year statute of limitations applying to "every action for personal injuries ... and every action for damages resulting from fraud." Va.Code Ann. § 8.01-243(A). Plaintiff argues that the district court erred in invoking Tennessee's borrowing statute.
 
 
 15
 This court reviews the district court's dismissal de novo, taking all factual allegations in the original complaint as true. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039 (6th Cir.1991). If an allegation permits more than one inference, it must be construed in plaintiff's favor. Sinay, 948 F.2d at 1039-40. This court will affirm the dismissal "if it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claims that would entitle [him] to relief." American Eagle Credit Corp. v. Gaskins, 920 F.2d 352, 353 (6th Cir.1990). Despite this generous standard of review, plaintiff's arguments nonetheless fail. We address the negligence and fraud claims in turn.
 
 1. Failure to State a Negligence Claim
 
 16
 The district court dismissed plaintiff's negligence claim against People's Bank as time-barred by the Virginia two-year statute of limitations. While we have no quarrel with the district court's procedural analysis, we affirm the dismissal of this claim for a more fundamental reason: plaintiff failed to state an actionable negligence claim against the bank.[2]
 
 
 17
 The complaint alleged that People's Bank was negligent in failing to withdraw plaintiff's $55,000 cashier's check from the collection system. In order to state a viable negligence claim, plaintiff must allege the breach of a legal duty owed to him by People's Bank. See, e.g., W. Page Keeton et al., Prosser and Keeton on the Law of Torts, § 30 at 164 (Lawyer's ed. 1984). Plaintiff failed to allege any specific duty owed him by People's Bank, and on appeal is unable to demonstrate that the law placed any duty upon the bank to withdraw the cashier's check from the collection process after it had been accepted for value from Hayes. Under the general rule, a cashier's check is a cash equivalent, considered "accepted in advance by the act of its issuance, [and] is not subject to countermand like an ordinary check." 10 Am.Jur.2d Banks § 643 (1963) (footnote omitted). See also id. at § 544. This court has followed that general rule. See United States v. Milton, 382 F.2d 976, 978 (6th Cir.1967), cert. denied, 390 U.S. 952 (1968).
 
 
 18
 While we may sympathize with plaintiff's loss, under the circumstances of this case, the law does not impose a duty upon People's Bank to assume the risk of plaintiff's ill-advised dealings with Hayes, particularly in light of the fact that the bank was not informed of Hayes' fraud until after it had accepted the Florida check.[3] The dismissal of the negligence claim therefore must be affirmed.
 
 
 19
 2. Dismissal of the Aiding and Abetting Fraud Claim as Time-Barred
 
 
 20
 In January 1991, plaintiff filed suit against People's Bank in a Tennessee federal district court, asserting diversity jurisdiction. Ordinarily, a federal court sitting in diversity will apply the statute of limitations of the forum state. E.g., Hodge v. Service Mach. Co., 438 F.2d 347, 348 (6th Cir.1971). When a cause of action accrues in another state having a shorter statute of limitations that would bar the action, Tennessee law requires its courts to borrow and apply the non-forum state's shorter statute. Tenn.Code Ann. § 28-1-112 provides:
 
 
 21
 Application of foreign statutes.--Where the statute of limitations of another state or government has created a bar to an action upon a cause accruing therein, while the party to be charged was a resident in such state or such government, the bar is equally effectual in this state.
 
 
 22
 Under the Tennessee statute, then, the Virginia statute of limitations would apply if the following three conditions are met: (1) the defendant was a resident of Virginia when the cause of action accrued; (2) the cause of action is barred by Virginia's statute of limitations; and (3) the cause of action accrued in Virginia.
 
 
 23
 The district court properly concluded that each of these conditions was satisfied and therefore correctly applied Virginia's two-year statute.
 
 
 24
 First, there can be no dispute that People's Bank was a Virginia resident. Plaintiff concedes as much in his initial complaint and in his brief to this court.
 
 
 25
 Second, the Virginia statute of limitations would indeed bar his claims. The events complained of occurred in June 1988, and plaintiff filed suit against People's Bank in January 1991--over two and one-half years later. While Tennessee's three-year statute of limitations would permit the claims, Virginia has a shorter two-year limitations period which would not. Va.Code Ann., § 8.01-243 provides:
 
 
 26
 Personal action for injury to person or property generally ...--A. Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues.
 
 
 27
 (Emphasis added.)
 
 
 28
 Consequently, the aiding and abetting fraud claim is time-barred when Virginia's shorter statute of limitations is applied.
 
 
 29
 Finally, there is no question that the cause of action accrued in Virginia, rather than in Tennessee. It is well-established under Tennessee law that in tort cases, "the cause of action accrues ... when the injury occurs or is discovered." E.g., McCroskey v. Bryant Air Conditioning Co., 524 S.W.2d 487, 491 (Tenn.1975). This court, applying Tennessee law, has held that "[w]hen a person sustains loss by fraud, the place of wrong is where the loss is sustained, not where fraudulent representations are made." Bailey v. Chattem, Inc., 684 F.2d 386, 392 (6th Cir.1982). Together, these principles demonstrate that for purposes of Tennessee's borrowing statute, a cause of action for aiding and abetting fraud accrues where the loss from the fraud occurs. See id.; McCroskey, 524 S.W.2d at 491.
 
 
 30
 It is clear that plaintiff's loss occurred in Virginia. As soon as People's Bank accepted the $55,000 Florida cashier's check, issued $52,000 of its own cashier's checks, and deposited the remaining $3,000 into Hayes' account, Hayes had effectively converted plaintiff's check into cash, thereby consummating his loss. In addition, as the district court correctly observed in its June 6, 1991 order, "[a]ll of the actions of the People's Bank in cashing the check and refusing to retrieve it from the collection process, occurred in Virginia." Plaintiff's argument that no loss of money occurred until Hayes cashed in Tennessee the two cashier's checks issued by People's Bank is unsupported by law or logic, and ignores the $3,000 deposit and the $2,200 cash given Hayes in reliance upon that deposit. Therefore, since plaintiff's loss occurred in Virginia, his fraud claim accrued in that state, not in Tennessee.
 
 
 31
 Accordingly, since the circumstances which trigger the application of Tennessee's borrowing statute were present in this case, we affirm the district court's conclusion that Virginia's two-year statute of limitations bars plaintiff's fraud claim.
 
 
 32
 B. DENIAL OF MOTION TO AMEND COMPLAINT AGAINST PEOPLE'S BANK
 
 
 33
 Approximately seven months after the district court dismissed the negligence and aiding and abetting fraud claims against People's Bank, plaintiff filed a motion to reconsider the June 6, 1991 dismissal and to amend his complaint to restate his dismissed claims of negligence/gross negligence and aiding and abetting fraud against the bank, as well as state new claims of tainted title to the $55,000 check, breach of a constructive trust, conversion, and RICO violations. The district court denied the motion for the reason that "[t]he court is satisfied that the claim against the Virginia bank is time-barred."
 
 
 34
 While plaintiff's arguments to this court appear to confuse the contents of his original complaint with those of the amended complaint he unsuccessfully sought to file, we read his arguments as also challenging the district court's denial of his motion to amend.
 
 
 35
 Before reaching the merits of plaintiff's arguments, we must determine whether we have jurisdiction to entertain them. The difficulty arises from the wording of the notice of appeal. The jurisdictional issue of whether a notice of appeal perfects a valid appeal may be raised by this court, sua sponte. International Union, UAW v. United Screw & Bolt Corp., 941 F.2d 466, 469 (6th Cir.1991). Federal Rule of Appellate Procedure 3(c) provides that the notice of appeal "shall designate the judgment, order or part thereof appealed from." Ordinarily an appeal of a final judgment preserves for review all previous non-final rulings. McLaurin v. Fischer, 768 F.2d 98, 101 (6th Cir.1985). However, " '[i]f an appellant ... chooses to designate specific determinations in his notice of appeal--rather than simply appealing from the entire judgment--only the specified issues may be raised on appeal.' " Wilson v. Firestone Tire & Rubber Co., 932 F.2d 510, 516 (6th Cir.1991) (quoting McLaurin, 768 F.2d at 102). See also United Screw & Bolt Corp., 941 F.2d at 471; Drayton v. Jiffee Chem. Corp., 591 F.2d 352, 361 n. 10 (6th Cir.1978). The notice filed in this appeal states that plaintiff
 
 
 36
 files, this, its notice of appeal from the now-final judgment resulting from the order of the district court entered June 6, 1991, granting the motion to dismiss, made pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), filed by defendant, People's Bank of Ewing, thereby, dismissing all of the claims made by plaintiff, Quinton McNew, against defendant, People's Bank of Ewing, in the instant case.
 
 
 37
 (Emphasis added.)
 
 
 38
 The problem with this phrasing of the notice of appeal is that the district court's June 6, 1991 order dismissed only plaintiff's original claims of fraud and negligence against People's Bank. Plaintiff did not file his motion to amend his complaint until January 10, 1992, and the court denied that motion in an order dated January 30, 1992. Thus, by specifying the district court's June 6, 1991 order, but not the January 30, 1992 order, only the issues concerning the June 6, 1991 order are properly before this court. See Wilson, 932 F.2d at 516.
 
 
 39
 Even if this court had considered the defect in plaintiff's notice of appeal to have been a "harmless" "technical error," Taylor v. United States, 848 F.2d 715, 718 (6th Cir.1988), a cursory examination of the claims raised in his amended complaint reveals that they are meritless.
 
 
 40
 Plaintiff's fraud and negligence claims in the amended complaint fail for the reasons discussed earlier.
 
 
 41
 As for the claims of breach of constructive trust, conversion, and tainted title to the $55,000 check, these are also barred under a Virginia statute of limitations. Plaintiff suggests that a Tennessee statute of limitations is applicable to these claims. However, as demonstrated earlier, his cause of action against People's Bank accrued in Virginia. Because no limitation is otherwise prescribed by Virginia law, the appropriate statute of limitations for these claims is the one-year catch-all limitation of Va.Code Ann. § 801-248, which provides as follows: "Personal actions for which no other limitation is specified.--Every personal action, for which no limitation is otherwise prescribed, shall be brought within one year after the right to bring such action has accrued."
 
 
 42
 Therefore, because plaintiff's new claims accrued in Virginia, against a Virginia resident, and would be time-barred by the applicable Virginia statute of limitations, Tenn.Code Ann. § 28-1-112 mandates that a federal court sitting in diversity borrow the one-year Virginia statute of limitations to bar these claims as well.
 
 
 43
 Plaintiff's allegations also are insufficient to state an actionable RICO claim against People's Bank. The amended complaint charged People's Bank with violating RICO, as well as aiding and abetting the Hayes' RICO violations, in violation of 18 U.S.C. §§ 1962(a)-(c).[4] Plaintiff specifically alleges only the following conduct by People's Bank:
 
 
 44
 1. Opening depository and checking accounts for Hayes.
 
 
 45
 2. Making loans to Hayes.
 
 
 46
 3. Later discovering that Hayes made false statements in his loan applications.
 
 
 47
 4. Prohibiting further business with Hayes without the bank president's consent.
 
 
 48
 5. Exchanging plaintiff's $55,000 check to Hayes for new cashier's checks and cash.
 
 
 49
 6. Threatening to sue Citizens Bank if it attempted to stop payment on the $55,000 check.
 
 
 50
 7. Refusing to stop collection of funds on the $55,000 check it had honored.
 
 
 51
 8. Stopping payment on only one of the two cashier's checks it issued to Hayes after it heard plaintiff's allegations.
 
 
 52
 In essence, plaintiff claims that People's Bank violated RICO by having Hayes as a customer. This is woefully inadequate to state a valid RICO claim. Plaintiff fails to make the required showing that People's Bank, as opposed to Hayes, engaged in indictable offenses under state or federal laws that constitute racketeering. See 18 U.S.C. § 1961(1); Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 481-82 & n. 3 (1985). Plaintiff's RICO claim under § 1962(c) also fails because he did not allege that People's Bank took part in the Hayes' equipment-selling scheme. This failure is deemed significant because the Supreme Court recently held in Reves v. Ernst & Young, 113 S.Ct. 1163 (1993), that a defendant must have played some part in the operation or management of the illegal enterprise itself in order to be liable under § 1962(c). Id. at 1172. These shortcomings, among others, would have been fatal to plaintiff's RICO claims.
 
 
 53
 For the foregoing reasons, the district court's judgment is affirmed.
 
 
 
 [1]
 Plaintiff erroneously maintained throughout this appeal that the district court allowed him to amend his complaint against People's Bank. The above-quoted language from the Jan. 30, 1992 District Court Order flatly refutes this. In addition, the district court held that the amended complaint need not be served upon People's Bank. Given such a ruling, it is clear that permission to amend against the bank was not granted
 
 
 [2]
 This court may affirm on grounds other than those relied upon by the district court. AM Int'l, Inc. v. International Forging Equip. Corp., 982 F.2d 989, 993 n. 3 (6th Cir.1993)
 
 
 [3]
 Even if we accept plaintiff's allegation that People's Bank opened Hayes' accounts "with knowledge of Mr. Hayes' reputation as a person who had engaged in the Scheme," that alone does not permit the inference that the bank knew or should have known that this particular transaction represented fruits of the fraud
 
 
 [4]
 These sections of the RICO statute provide in relevant part:
 (a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce....
 (b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.
 (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
 18 U.S.C. § 1962(a)-(c).