**POLITZ v. BRAND et al.**

No. 1331.

Municipal Court of Appeals for the
District of Columbia.

Argued May 18, 1953.

Decided June 22, 1953.

Arthur L. Willcher, Washington, D. C.,
Mark P. Friedlander, Washington, D. C.,
on the brief, for appellant.

Leonard S. Melrod, Washington, D. C.,
Lubar, O'Keefe, Friedlander & Melrod,
Washington, D. C., on the brief, for appel-
lees.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant, hereafter called the buy-
er, bought a dwelling house from appellees,
hereafter called the sellers. The contract
between the parties contained the following
provision: "Refrigerator, range and vene-
tian blinds are to remain and be a part of
this contract, together with screens, storm
windows, and ~~washing machine~~, hall and
stairway carpeting." The buyer received
no storm windows with the house and
brought this action predicating his claim
on the sellers' failure "to furnish" storm
windows. From judgment in favor of the
sellers, the buyer has appealed.

The contractual provision is ambiguous
in regard to storm windows. It would ap-
pear to mean that all existing storm win-
dows were to remain with the house, but
the undisputed evidence is that the house
never had storm windows. The buyer
would interpret the provision as obligating
the sellers to furnish storm windows,
though the provision is silent as to quantity,
quality and type and the buyer admitted he
and the sellers had never discussed the
question of storm windows. The meaning
of the provision presented a question of
fact to be determined from the surrounding
circumstances and the intention of the par-
ties.

The buyer testified that he had inspected
the house twice before the contract was
drawn and that he wrote this provision in

the contract with no knowledge of whether there were storm windows in the house; and that he listed storm windows after the real estate salesman, who likewise was without knowledge on the subject, suggested that he list everything he wanted with the house. On the other hand, the salesman testified that the buyer listed the storm windows after an adviser of the buyer had remarked in effect that if storm windows were not in the house they would not be covered by the contract.

The buyer lays stress on the fact that after receiving the contract the sellers struck the words "washing machine." The buyer argues that this establishes that the sellers understood this provision of the contract to obligate them to furnish all items not stricken. In support of this argument the buyer refers to his testimony to the effect that, as with storm windows, he had listed the washing machine after the real estate salesman had told him to list everything he wanted with the house. However, the salesman testified he told the buyer there was no use to list the washing machine since it did not go with the house.

This is a case where the parties failed to clearly express their contractual intention and the extrinsic evidence fell far short of definitely establishing what the parties intended. We cannot hold as a matter of law that the contract bound the sellers to furnish storm windows. The case presented a question of fact and the trial court's determination of that question must stand.

The buyer makes the point that after the trial court had made a general finding for the sellers, it denied his request to make findings of fact and conclusions of law. This, it is asserted, was error. We have had occasion to say that in nonjury cases it would be most helpful to counsel and to this court if findings of fact were made,[1] but we have also pointed out that rule 52(b) of the Municipal Court, unlike its counterpart, Fed.R.Civ.P. 52(a), 28 U.S. C.A. provides that the trial court may—not shall—find the facts specially and state sep-

arately its conclusions of law.[2] The Municipal Court rule is permissive and not mandatory.

We find it unnecessary to pass on the sellers' contention that the buyer had by stipulation waived his right of appeal.

Affirmed.

---

1. Kraft v. Lowe, D.C.Mun.App., 77 A.2d 554.

2. Eide v. Traten, D.C.Mun.App., 73 A.2d 522.