**John E. SIBERT, Appellant,**

**v.**

**Robert R. ELLIS, in his own right, and to the use of the Eastern Insurance Company, Appellee.**

**No. 1551.**

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 4, 1954.

Decided Nov. 2, 1954.

1. Laughlin v. Berens, 73 App.D.C. 136, 118 F.2d 193.

2. Waltemeyer v. Autocar Sales & Service Co., D.C.Mun.App., 103 A.2d 921.

542

Bond L. Holford, Washington, D. C., with whom Donald J. Caulfield, Washington, D. C., on the brief, for appellant.

John L. Schroeder, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This case arose out of an automobile collision in an uncontrolled intersection. Trial was had without a jury and at the conclusion of the testimony the court made a general finding for the plaintiff.

In appealing defendant argues that the trial court should have made findings of fact and stated its conclusions of law, and that a general finding destroys or at least seriously restricts the right of appeal.[1] While we may lend a sympathetic

1. "The requirement that courts, and commissions acting in a quasi-judicial capacity, shall make findings of fact, is a means provided by Congress for guaranteeing that cases shall be decided according to the evidence and the law, rather than arbitrarily or from extralegal considerations; and findings of fact serve the additional purpose, where provisions for review are made, of apprising the parties and the reviewing tribunal of the factual basis of the action of the court or commission, so that the parties and the reviewing tribunal may determine whether the case has been decided upon the evidence and the law or, on the contrary, upon arbitrary or extralegal considerations. When a decision is accompanied by findings of fact, the reviewing court can decide whether the decision reached by the court or commission follows as a matter of law from the facts stated as its basis, and also whether the facts so stated have any substantial support in the evidence. In the absence of findings of fact the reviewing tribunal can

ear to this argument, we can extend only sympathy and not aid. The trial court's rule 52(b), although patterned after Federal Rule of Civil Procedure 52(a), 28 U.S.C.A., has a radical departure from the federal rule which makes it mandatory that in nonjury cases the court find the facts specially and state separately its conclusions of law. The trial court's rule merely permits this to be done and does not require it. In this form the rule has little or no practical force or meaning, and many complaints have been made in this court concerning the refusal of trial judges to make specific findings of fact even when so requested. This court, however, has no power to make rules for the trial court, and complaints concerning the trial court's rule should be addressed to that court.

■ Although the trial court in deciding the case made only a general finding, it announced on motion for new trial (1) that plaintiff first entered the intersection (defendant admitted that this may have occurred), (2) that defendant was exceeding the speed limit (defendant admitted he may have been traveling at 30 miles an hour), and (3) that defendant did not slow down sufficiently as he approached the intersection. On these facts plaintiff was entitled to a recovery unless he himself was guilty of contributory negligence. It is argued that plaintiff was guilty of such negligence in failing to yield the right of way to defendant who was approaching from the right. Right of way, however, is relative and not absolute and is largely dependent upon the specific circumstances of each case. We cannot rule as a matter of law that plaintiff was contributorily negligent.

Affirmed.

determine neither of these things. The requirement of findings is thus far from a technicality. On the contrary, it is to insure against Star Chamber methods, to make certain that justice shall be administered according to facts and law." Sag-

inaw Broadcasting Co. v. Federal Communications Commission, 68 App.D.C. 282, 287, 96 F.2d 554, 559, certiorari denied Gross v. Saginaw Broadcasting Co., 305 U.S. 613, 59 S.Ct. 72, 83 L.Ed. 391.