**G. D. C. CORPORATION, a Delaware Corporation, Appellant,**

v.

**NATIONAL TIRE DEALERS & RETREADERS ASSOCIATION, INC., a New York Corporation, and Square Deal Trucking Co., Inc., a Maryland Corporation, Appellees.**

No. 2484.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 30, 1959.

Decided March 3, 1960.

Laurence T. Scott, Washington, D. C., for appellant.

Robert L. Ackerly, Washington, D. C., for appellee National Tire Dealers & Retreaders Ass'n, Inc.

H. George Schweitzer, Washington, D. C., with whom W. Cameron Burton and Thomas B. Heffelfinger, Washington, D. C., were on the brief, for appellee Square Deal Trucking Co., Inc.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

For a second time, this case is before us. On the former appeal, we ordered a new trial, holding, among other things, that the evidence was sufficient to constitute a bailment and that it was error to dismiss the action as to the G. D. C. Corporation without a showing of due care on its part. National Tire Dealers & Retreaders Ass'n v. G. D. C. Corp., D.C.Mun.App.1959, 147 A.2d 869.

Upon remand, the suit was again tried to the court. At the conclusion of the evidence, the court found that the Corporation failed to exercise due care, but did not make a finding concerning the type of bailment involved. Judgment was entered for the National Tire Dealers Association and for the Square Deal Trucking Company on the Corporation's cross-claim against it. We find it unnecessary to review at length

the evidence adduced at this trial. The pertinent facts are substantially as set out in our former opinion, and there was very little dispute about them at either trial.

On appeal, appellant urges reversal on the following grounds: (1) The court erred in failing to find as a fact the type of bailment involved and in failing to apply the standard of care applicable thereto; (2) the court erred in failing to find as a matter of law that the bailment was for the sole benefit of the bailor and that appellant was not grossly negligent; and (3) the court erred in finding against appellant on the cross-claim because it had made out a prima facie case against the Trucking Company.

■ We feel appellant's assignments of error, although possessing some merit, are not valid. The merit is its complaint that findings of fact were not made. We have previously indicated our sentiments concerning findings of fact and separately stated conclusions of law.[1] It is sufficient to say that our views have not changed. However, neither has the rule,[2] and it does not require that the trial court make findings of fact and conclusions of law.[3] Thus, it being only permissive and having " * * little or no practical force or meaning * * *,"[4] reversible error was not committed when findings of fact were not made. Accordingly, the first assignment of error falls on this point alone. But more than that is present.

■ We do not think the court's failure to specify the type of bailment involved here affects the final result. The court found that appellant did not exercise due care as required by the circumstances of the bailment. From the record, the court could have found that the evidence established that there was gross negligence on

the part of appellant.[5] Here, the shipment in question was placed in appellant's custody with its consent. It was conceded by appellant in its brief that "it did not exercise any care which was specifically directed toward preventing the shipment in question from being taken by the trash man." As a result, the shipment was picked up by the trash man and appellant offered no adequate justification for what occurred. For the reasons heretofore stated, we do not reach appellant's second contention.

We find no merit in its third assignment of error.

Affirmed.

1. See Sibert v. Ellis, D.C.Mun.App.1954, 108 A.2d 541.

2. Municipal Court Rule 52(b).

3. Compare Federal Rules of Civil Procedure, Rule 52(a), 28 U.S.C.A.

4. Sibert v. Ellis, supra note 1, 108 A.2d at page 543.

5. Shea v. Fridley, D.C.Mun.App.1956, 123 A.2d 358, 363.