BELLEVUE GARDENS, INC., a corporation, et al., Appellants

v.

Francis W. HILL, Jr., et al., Appellees.

J. Howard HIXSON, Appellant

v.

Francis W. HILL, Jr., et al., and Francis W. Hill, Jr., individually, Appellees.

KENNEDY-CHAMBERLIN, INC., a corporation, et al., Appellants

v.

Francis W. HILL, Jr., et al., and Francis W. Hill, Jr., individually, Appellees.

BELLEVUE GARDENS II, INC., a corporation, et al., Appellants

v.

Francis W. HILL, Jr., Appellee.

Nos. 16208–16211.

United States Court of Appeals District of Columbia Circuit.

Argued May 12, 1961.

Decided Sept. 28, 1961.

Petition for Rehearing En Banc Denied En Banc Nov. 11, 1961.

Mr. John Lewis Kelly, Washington, D. C., for appellants in Nos. 16208 and 16211.

Mr. James E. Artis, Washington, D. C., for appellant in No. 16209.

Mr. Louis B. Arnold, Washington, D. C., for appellants in No. 16210.

Mr. Edmund D. Campbell, Washington, D. C., with whom Mr. Benj. W. Dulany, Washington, D. C., was on the brief, for appellees.

Before WILBUR K. MILLER, Chief Judge, and EDGERTON and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Minority stockholders brought actions relating to the conduct of the affairs of two closely held corporations engaged in operating apartment projects valued at nearly two and a half million dollars. The objects of the actions were first, recovery on behalf of the corporations of funds alleged to have been disbursed improperly by the majority controlled management on various accounts; and second appellees sought liquidation of the two corporations and distribution of assets to shareholders.

The District Court, after an extended trial, gave substantially the relief sought. The court made comprehensive findings of fact and conclusions of law which to a large extent sustained the allegations of abuse of management powers to the detriment of the corporations and particularly to the detriment of the minority stockholders of these corporations. Appellants were found to have wrongfully diverted and were ordered to restore approximately $90,000 to the two corporations.

The findings and opinion of the District Court disclose complex intercorporate transactions involving directly or indirectly numerous corporations in addition to appellants and extending over a substantial period of time. The complexity of the transactions considered by the District Court is suggested by Findings, Conclusions and Judgment covering 20 printed pages based on a transcript of more than 1200 printed pages and multiple exhibits. The assessment of this mass of evidence required, among other things, evaluation of motives in relation to conduct of the complex of transactions and corporate activities; credibility of witnesses, and the weight to be given their testimony and their explanations of transactions were a large factor in this case.

■ Rule 52(a), Fed.R.Civ.P., 28 U.S. C.A., which is controlling here, provides:

"* * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * *"

Various utterances of the Supreme Court and of this court have emphasized the limited scope of appellate review under this rule. In the application of the limitations on the scope of appellate review provided by Rule 52(a), this court has said:

"It is not necessary that we ourselves find the evidence on the issue of fraud to be clear and convincing. Our sole function is to decide whether or not the trial judge was clearly in error in being convinced by the evidence presented." Wynne v. Boone, 1951, 88 U.S.App.D.C. 363, 365–366, 191 F.2d 220, 222–223. See also United States v. Oregon State Med. Soc., 1952, 343 U.S. 326, 72 S.Ct. 690, 96 L.Ed. 978; United States v. Yellow Cab Co., 1949, 338 U.S. 338, 70 S.Ct. 177, 94 L.Ed. 150.

Nowhere is this important concept of limited review more appropriately applied than in a case like this. Here we have before us an extensive record of many business transactions, intercorporate relationships, the effect of interlocking directorates and the motives, plans and purposes of the parties, which are revealed by conversations, memoranda, documents and accomplished acts. Here the synthesis of the whole pattern of relationships rests in part upon the trier's appraisal of all the events and particularly the weight to be given to one witness in conflict or at variance with another. We have said that it "is not our function to weigh the evidence," Wynne v. Boone, supra, 88 U.S.App.D.C. at page 365, 191 F.2d at page 222, and indeed the very integrity of our judicial system rests on no principle more firmly than on that

which precludes retrial of fact issues under the form or guise of appellate review.

 The trial court found a pattern of conduct by the dominant stockholders, and a disposition on their part to continue the pattern, which was seriously prejudicial to the rights and interests of the minority. The court also found there was no readily available market for the stock of the minority. In these circumstances the cumulative effect of the challenged conduct of the majority and the resulting dissensions justified the drastic remedy the trial court applied. A "court of equity has inherent power to appoint a receiver to liquidate a corporation * * where * * * abuse of trust is present whether or not insolvency is likewise present." Bailey v. Proctor, 1 Cir., 1947, 160 F.2d 78, 81. See Hornstein, A Remedy for Corporate Abuse—Judicial Power to Wind Up a Corporation at the Suit of a Minority Stockholder, 40 Colum.L. Rev. 220, 231–238. Tansey v. Oil Producing Royalties, Inc., Del.Ch.1957, 133 A.2d 141; Miner v. Bell Isle Ice Co., 1892, 93 Mich. 97, 53 N.W. 218. Delaware and Maryland corporations are involved here, but their assets are in the District of Columbia where they carry on their business. Though courts will not ordinarily interfere in the internal affairs of foreign corporations, they have jurisdiction to do so in the exercise of a sound discretion and on this record there was no abuse of discretion in this respect. Mayflower Hotel Stockholders Comm. v. Mayflower Hotel Corp., 1951, 89 U.S.App.D.C. 171, 173, 193 F.2d 666, 668; Saltz v. Saltz Bros., 1936, 65 U.S. App.D.C. 393, 396, 84 F.2d 246, 249.

 To demonstrate that findings of fact of the trial court are "clearly erroneous" under Rule 52(a) thus imposes a heavy burden on those who seek to set them aside. In our view that burden has not been met by the appellants, nor do we find any error in the conclusions of law or in the relief granted. The judgment of the District Court is therefore

Affirmed.