Abraham Gellinoff, J.
Pursuant to section 794 of the Civil Practice Act, judgment creditor seeks an order directing third-party respondent Colonial Trust Co. to pay over to it the sum of $12,308.83, allegedly constituting an indebtedness owing from said bank to the judgment debtor. This indebtedness is evidenced by two cashier’s checks issued by Colonial, payable to the judgment debtor, in the sums of $11,733.83 and $575, respectively. These checks represent part of the withdrawal by the judgment debtor of its account in Colonial Trust Co.
*440 The undisputed facts show that on June 21, 1960, judgment creditor filed its judgment against the judgment debtor for more than $21,000. Prior thereto, on or about June 6, 1960, the latter purchased the two cashier’s checks here involved. It is the third-party respondent’s contention that such checks do not constitute a debt subject to the third-party subpoena it received on June 23,1960.
. Such contention is without merit. A bank or “ cashier’s ” check, unlike an ordinary check drawn on a specific deposit balance, constitutes an acknowledgment of an indebtedness on the part of the bcmk to the payee. The judgment debtor was entitled to the moneys represented by the two cashier’s checks before these checks were drawn, and it is entitled to the moneys now in the same manner and to the same extent (Matter of State Bank of Binghamton, 152 Misc. 579, 590). It necessarily follows, therefore, that Colonial Trust Co. was a debtor of the judgment debtor at the time of its receipt of the third-party subpoena.
The mere fact that Colonial Trust Co. merged with another bank which filed a judgment against the judgment debtor subsequent to that filed by the judgment creditor here in no way affects the validity and primacy of the lien established by the latter. Nothing in section 151 of the Debtor and Creditor Law, requires a holding to the contrary. Accordingly, the motion is granted.