Samuel H. Hofstadter, J.
A comparatively recently introduced banking service — designated a “ Personal Money Order ” *680 —'is the subject of this appeal. Except for a single 1963 case, also decided in the Civil Court (Garden Check Cashing Serv. v. First Nat. City Bank, 38 Misc 2d 623, Wahl, J.), the legal issues are novel.
The facts were stipulated in the court below. The decision of Judge Baer, who heard the case without a jury, is included in a carefully written extended opinion.
The instrument in suit, prepared by defendant and bearing its name and address and impressed bank seal, contains, in four places, the words “Personal Money Order.” It is dated November 21, 1962. Its printed serial number is that of the bank. The form provides that it is “ Not valid Over $250.00.” By check writing machine, defendant inserted the amount for which it was issued, namely $40. Otherwise blank, it was then issued to one James L. Witzelberger in exchange for a check in like amount drawn on his special checking account in another of defendant’s branches plus a nominal fee. The instrument made provision for insertion of the name of a payee on a line prefixed with the words ‘ ‘ Pay to the order of ’ ’ and for the subscription of the signature and address of the purchaser.
Witzelberger completed the instrument by making it payable to “Cash”, subscribed his name and address, and cashed it with plaintiff, a licensed check-cashing corporation. When presented by plaintiff to the bank, it was not paid — and was stamped “Payment stopped by the bank” — because there were insufficient funds in Witzelberger’s special checking account to meet the check he had delivered to defendant.
We are called upon, then, to fix this new form into the law merchant and the Negotiable Instruments Law — to ascertain the intent of the bank when issuing it — to declare its character — to find who, between the parties, must in law bear the loss.
It is not the same as a post-office money order. In establishing that system, the Government acted as a sovereign and exercised a governmental power for the public benefit; it did not engage in business (Bolognesi v. United States, 189 F. 335 [O. C. A. 2d], cert. den. 223 U. S. 726). “ Consequently the principles which govern commercial transactions between individuals have little application in this case [p. 336] * * * [post-office] money orders are not negotiable instruments subject to the defenses permitted by the law merchant to bona fide holders for value ” (pp. 336-337).
Nor is the instrument before this court a check drawn on a regular or special checking account, where continuity is a factor and an account designated to the depositor is opened in each case.
*681 Bather it is akin to a cashier’s check or a traveler’s check drawn hy the issuing bank upon itself.
“A cashier’s check is a check of the bank’s cashier on his or another bank. It is in effect a bill of exchange drawn by a bank on itself, and accepted in advance by the act of its issuance; and in substance is an order or direction to the bank to pay the payee from its funds, a written promise of the issuing bank to pay on demand. It is not a receipt, but is a negotiable instrument.” (10 C. J. S., Bills and Notes, § 5, pp. 409-410.) (See, also, Montana-Wyoming Assn. of Credit Men v. Commercial Nat. Bank, 80 Mont. 174; Nissenbaum v. State, 38 Ga. App. 253.)
“ Travelers checks, intended to be signed by the purchaser in the seller’s presence at the time of sale, are essentially cashier’s checks in the nature of bills of exchange drawn by the issuing bank upon itself.” (10 C. J. S., Bills and Notes, § 5, p. 410.) (See, also, Mellon Nat. Bank v. Citizens Bank & Trust Co., 88 F. 2d 128, cert. den. 302 U. S. 702.)
Differences in detail there are — but essentially the intent here is the same.
The Appellate Division of this Department has said (Matter of Bank of U. S., 243 App. Div. 287, 291): “A cashier’s check issued by a bank * * * is not an ordinary draft. * * * It is the primary obligation of the bank which issues it (Nissenbaum v. State, 38 Ga. App. 253; 143 S. E. 776) and constitutes its written promise to pay upon demand (Steinmetz v. Schultz, 59 S. D. 603; 241 N. W. 734). It has been said that a cashier’s check is a bill of exchange drawn by a bank upon itself, accepted in advance by the very act of issuance. [Citing cases.] Such being the nature of the obligation which was accepted in exchange for the claimant’s check, it seems clear to us that it created an unconditional credit in favor of the National City Bank which was reflected by appropriate entries on the books of the Bank of United States. [Citing case.] The Bank of United States remained the debtor, and the only debtor, to the holder of its cashier’s check for the amount of the deposit.”
If the instrument is ambiguous, it may be treated by plaintiff as a note (Negotiable Instruments Law, § 36, subd. 5; § 214).
In Legniti v. Mechanics & Metals Nat. Bank (230 N. Y. 415, 419-420) Judge Crane, thereafter Chief Judge, observed: “It has long been an established custom among banks and financial institutions to sell credit usually represented by draft or check. * * * The draft is a direction to pay. It is not, itself, money or credit. It is simply used as such. The money paid the bank *682 by the purchaser of the draft becomes the bank’s money. The transaction is 'that of purchase and sale. No trust relationship is established.' * * * The thing sold is the same in the case of the cable or wireless transaction as in the case of the draft or check. It is the credit of the bank or seller. The means of establishing or transmitting the credit is simply an incident of the transaction.”
-So, also, in the case before us. For a consideration accepted as adequate by defendant, Witzelberger purchased the credit of the bank (Kerr S. S. Co. v. Chartered Bank of India, 292 N. Y. 253, 259-261; Matter of Arnold Mfg. Co. v. Troy Associates, 33 Misc 2d 439). The means of establishing or transmitting that credit was the “ Personal Money Order ” issued by the bank. As between the bank and plaintiff, it was, in legal effect, the same as a certificate of deposit or certified check (Matter of State Bank of Binghamton, 152 Misc. 579, 580-590; Carnegie Trust Co. v. First Nat. Bank, 213 N. Y. 301). Once issued to the purchaser, it was no longer revocable by the bank (Kerr S. S. Co. v. Chartered Bank of India, supra, p. 261).
Under long-settled rules, Witzelberger was authorized to fill in the blanks in the money order (Redlich v. Doll, 54 N. Y. 234; Negotiable Instruments Law, § 33). In form negotiable, defenses otherwise available against Witzelberger, may not be asserted against plaintiff, a holder in due course (Negotiable Instruments Law, § 96).
The argument of the amicus that the instrument is a check merely because it does not bear the written signature of the bank is without merit. The authenticity of the instrument is not questioned; and the printed name of the bank verified by its seal impressed at the time of the sale is sufficient to evidence the bank’s intent to be bound thereunder.
The judgment should be affirmed, with $25 costs.
Concur — Capozzoli, J. P., and Hecht, J., in opinion by Hofstadter, J.
Judgment affirmed, etc.