Margaret HOWELL, Appellant,

v.

Eugene F. STEFFEY, t/a E. F. Steffey,
Appellee.

No. 3543.

District of Columbia Court of Appeals.

Argued Oct. 5, 1964.

Decided Nov. 20, 1964.

Motion for Reconsideration Denied
Dec. 4, 1964.

R. K. Millstein, Washington, D. C., for
appellant.

Harry L. Ryan, Jr., Washington, D. C.,
for appellee.

Before HOOD, Chief Judge, and
QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

Appellant, Margaret Howell, sued appellee, Eugene F. Steffey, and Mr. and Mrs. John W. Carroll, for her share of a real estate broker's commission obtained by Steffey upon the sale of certain real property in Virginia owned by the Carrolls. From an adverse judgment in the trial court, she has appealed.

Mrs. Howell was a licensed broker in the District of Columbia but not in Virginia at the time of the sale. Steffey was licensed in both jurisdictions. Early in 1960 she

received a listing for the property in question from one Moore, a Virginia broker, who agreed to share with her and one Middleton, another Virginia broker, any commission arising from the sale of the property should any one of them procure a purchaser. She then obtained authorization from the owners of the property to show and advertise it. As a result of the advertising, Steffey contacted Mrs. Howell concerning the property. With the consent of her associating brokers, it was agreed that Steffey could also list the property and share equally in any commission arising from any sale which might be consummated by any one of the four. By March 1961 the property was still unsold and Mrs. Howell left for Texas to undergo surgery. Prior to her departure she agreed with Steffey to continue the cooperative agreement in effect.

On July 31, 1961, the property, still being unsold, was withdrawn from the market by the owners. Letters to this effect were sent to all brokers involved except Mrs. Howell who was still in Texas. A few weeks after this notice of withdrawal, the owners allowed Steffey, upon his request, to show the property to a new prospect. It was made clear by the owners at this time that they did not desire to revive the listing previously given and that Steffey's agency was to terminate after he had shown the property and negotiated with this one prospect. Subsequently the property was sold to this prospect by Steffey. Appellant does not claim to be a procuring cause of the sale. Upon her return from Texas, she learned of the sale and demanded her share of the commission. When Steffey refused to share it with her, she filed suit against him and the owners.[1]

In order for one broker who is not the procuring cause of a sale to receive a share of the commission from a sale effected by another, it is necessary (1) that there

be a valid, existing and applicable agreement for the division of the commission; (2) that the first broker shall have performed his part of the agreement; and (3) that the second broker shall have actually received the commission. Under such circumstances the agreement is binding and enforceable and the rights of the parties are governed by its terms and the proper construction thereof rather than by the contract of sale or exchange or by rules which customarily govern the rights of real estate brokers to commission for the sale of land.[2] Since Mrs. Howell admitted she was not the procuring cause of the ultimate sale and there was no denial that Moore, Middleton, Steffey and Mrs. Howell had orally agreed to share equally in the commission if any one of the four was successful in effecting a sale of the property, the only questions here are whether the agreement was valid and whether it was in existence and enforceable at the time of the sale by Steffey.

Steffey takes the position that the Virginia statute[3] prohibiting a licensed Virginia broker from paying a commission to an unlicensed person invalidates the oral agreement to share the commission. His position is not well taken. Statutes like the Virginia law here involved regulating the real estate business and requiring brokers and salesmen to procure licenses are designed to protect the public from fraud and misrepresentation, and dishonest and incompetent brokers. Massie v. Dudley, 173 Va. 42, 3 S.E.2d 176 (1939). This purpose is not violated when a broker licensed in another jurisdiction cooperates with a licensed Virginia broker in procuring a purchaser, in exchange for which he shares in the commission, as the public is protected by the participation in the transaction of a licensed Virginia broker. We are of the opinion that the Virginia statute does not invalidate Mrs. Howell's right to share in the commission received by Steffey.

1. At trial Mrs. Howell agreed to the dismissal of the suit as to the Carrolls.

2. 12 C.J.S. Brokers § 81, pp. 176–178.

3. 54 Va.Code §§ 749, 762.

We find no evidence in the record that the agreement was terminated by mutual accord at any time prior to the sale of the property by Steffey. On the contrary, there was uncontradicted testimony to the effect that Steffey after the sale told Moore, one of the brokers involved, that Mrs. Howell was to participate in the commission and that Steffey assured Mrs. Carroll, at the time of settlement, that he would see that Mrs. Howell's share was mailed to her in Texas. It also appears that Steffey, out of the commission received, paid Moore $840.00.

Although the trial court found against Mrs. Howell, we have no way of determining the basis for the decision. This case is a classic example of the difficulty confronting an appellate court where the trial judge has omitted findings of fact and conclusions of law to support his judgment. We are aware that GS Rule 52(b) is permissive and does not require findings of fact and conclusions of law, but over the years we have pointed out that it would be most helpful if the trial court would make such findings and conclusions so that the parties and the reviewing tribunal may be apprised of the factual and legal grounds for the decision. G. D. C. Corp. v. National Tire Dealers & Retread. Ass'n, D.C.Mun. App., 158 A.2d 473, 474 (1960); Sibert v. Ellis, D.C.Mun.App., 108 A.2d 541, 543 (1954); Politz v. Brand, D.C.Mun.App., 98 A.2d 21, 22 (1953). In view of the recent enlargement of the jurisdiction of the District of Columbia Court of General Sessions, which will undoubtedly bring before that court a greater diversity and complexity of cases, we suggest that Rule 52(b) be amended so as to make findings of fact and conclusions of law mandatory.[4]

4. Although GS Rule 52(b) is patterned after Federal Rule of Civil Procedure 52(a), 28 U.S.C.A., the latter makes it mandatory for the trial judge in nonjury cases to find the facts specially and state separately his conclusions of law.

 In the case at bar, we can only surmise that the trial judge based his decision adverse to Mrs. Howell on the belief that the Virginia law barred a licensed Virginia broker from sharing a commission with a real estate broker unlicensed in Virginia. As we find that Virginia law imposes no such prohibition and that the agreement to share was in effect at the time of the sale of the property, we rule that Mrs. Howell was entitled to a one-fourth share of the commission, in the amount of $686.-25,[5] plus interest and costs.

Reversed, with directions to enter judgment for appellant, Margaret Howell, in the amount of $686.25, plus interest and costs.

5. Calculated as follows:

| | |
|---|---|
| Gross commission received by Steffey | $2,800.00 |
| Less charge for examining well | 55.00 |
| Net commission received by Steffey | $2,745.00 |
| One-fourth of net commission | $ 686.25 |