Bernard Nadel, J.
Plaintiff, a licensed check casher, brings this action as a holder in due course to recover on two personal money orders issued by the defendant and which were returned by the bank on which they were drawn marked 1 ‘ payment stopped ”.
The defense is that the personal money orders were not completed and delivered by the purchasers thereof but were completed and negotiated without authority.
The defendant states that on January 10, 1963 it sold a personal money order in the sum of $35 to Joseph A. Malone; that on the same day Malone requested defendant to stop payment on said money order, advising the defendant that it had been lost; that defendant stopped payment on said money order and issued a second money order to Malone as a replacement; that on December 20,1963 it sold a personal money order in the sum of $16.65 to Esther Neal; that on December 23, 1963 Miss Neal requested defendant to stop payment on said money order, advising defendant that it had been lost; that defendant stopped payment on said money order and issued a second money order to Miss Neal as a replacement.
These personal money orders, which defendant sells for a fee, bear its name and bank seal, an identification number and the amount for which it is issued is inscribed by defendant’s check-writing machine at the time of sale. They are blank as to date, the name of a payee on a line prefixed with the words “ Pay to the order of ’ ’ and at the bottom right side are two blank lines, one of which is preceded by the word “ signature ” and the other is prefaced by the word “ address ”. Along the left margin of the instrument is imprinted the bold legend in capital letters, ‘ ‘ personal money order ’ ’.
The plaintiff states that on January 11, 1963 one John V. Graltson, Jr., appeared at plaintiff’s place of business, presented a personal money order issued by defendant indicating that he was the payee, identified himself by proper instrument, *165 indorsed the back of the personal money order, and his signature matched the document in his possession. The money order was for $35, and plaintiff gave him $34.75, 25(5 being the charge for cashing same. Plaintiff deposited the money order on the same day, and it was returned * ‘ payment stopped ’ ’. On December 23,1963 the plaintiff cashed a personal money order issued by defendant in the sum of $16.65 which was presented by one Bobert H. Bennie, properly filled in, who likewise identified himself properly and indorsed the instrument. Plaintiff deposited said instrument and it was also returned “payment stopped ”.
The defendant urges that its personal money order is in the nature of a personal check made by the purchaser and that the defendant bank has no liability until it has accepted the instrument; and that, since the purchaser lost the instrument while it was incomplete, it was never delivered by the purchaser to anyone and, therefore, section 34 of the Negotiable Instruments Law applies.
I have seriously considered Garden Check Cashing Serv. v. First Nat. City Banh (38 Misc 2d 623, 624) cited by defendant, but I do not agree with the conclusion therein that the personal money order “ is no different, save for form and name, than an ordinary check, whether regular or special type.”
The instruments before this court are not checks drawn on a regular or special checking account. Nor are they the same as post-office money orders. They are akin to a cashier’s check drawn by the issuing bank upon itself. (Rose Check Cashing Serv. v. Chemical Bank N. Y. Trust Co., 43 Misc 2d 679.) A cashier’s check issued by a bank is the primary obligation of the bank which issues it and constitutes its written promise to pay upon demand. (Matter of Bank of U. S., 243 App. Div. 287.)
The defendant issued and delivered its negotiable instrument in a specified amount. There was a valid delivery. The defendant chose to issue and deliver its personal money orders without filling in the name of the payee or the date. The plaintiff took the instruments in completed form for value without notice of any infirmity. Under the circumstances, section 33 of the Negotiable Instruments Law controls, not section 34, which deals with an incomplete instrument not delivered, in the hands of the holder. Here the incomplete instrument was delivered to the purchaser and it is now in the hands of a holder in due course.
Section 33 provides: “ Where the instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to complete it by filling up the blanks *166 therein. And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a prima facie authority to fill it up as such for any amount. In order, however, that any such instrument, when completed, may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time. But if any such instrument, after completion, is negotiated to a holder in due course, it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time.”
In First Nat. City Bank of N. Y. v. Frederics-Helton Travel Serv. (29 Misc 2d 1041), cited by defendant, the court held that there was no delivery of the checks which were stolen from the defendant. There, the plaintiff caused to be delivered to the defendant blank travelers’ checks, to be sold by defendant in the course of its regular business. The court stated at page 1043: “It is both the act and intent to make delivery which results in the instrument becoming operative according to its terms. Obviously, there was no intent by City Bank to have the travelers’ checks become operative upon their receipt by defendant. * * * Thus, when the checks were stolen before issuance in the proper and customary manner to a bona fide purchaser, ‘delivery’ of these blank travelers’ checks never took place within the meaning and intent of the applicable statute (Sullivan v. Knauth, 161 App. Div. 148, affd. 229 N. Y. 216, supra).”
In the case before this court the defendant bank issued and delivered the personal money orders to purchasers with the intent that they become operative upon receipt by the respective purchasers. The plaintiff, a holder in due course, should not bear the loss as against the defendant, who knowingly and deliberately issues and delivers its personal money orders to purchasers with the name of the payee and purchaser in blank.
Defendant’s motion for summary judgment is denied.
Plaintiff’s cross motion for summary judgment is granted, the defendant’s answer is ordered stricken and the Clerk is directed to enter judgment in plaintiff’s favor against the defendant for the amount sued for together with appropriate interest.