**Fay SOCASH, Administratrix of the Estate of William Socash, Deceased, Appellant,**

v.

**ADDISON CRANE COMPANY, Inc., Appellee.**

No. 18784.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 22, 1965.

Decided April 29, 1965.

---

Mr. Allen A. Sperling, Washington, D. C., for appellant.

Mr. Ross O'Donoghue, Washington, D. C., with whom Messrs. Daniel W. O'Donoghue and George A. Fisher, Washington, D. C., were on the brief, for appellee.

Before BAZELON, Chief Judge, and BURGER and McGOWAN, Circuit Judges.

PER CURIAM:

█ Appellant's intestate died as a result of injuries received when a heavy steel jib fell from the boom of a crane which was engaged in hoisting a piece of machinery. The jib became detached when metal clips attached to cable wire slings holding the jib separated from the boom and struck decedent. There was evidence that this was an unsafe method of using the crane and an unsafe way of securing the jib to the boom and substan-

tial contrary evidence that this was the usual and ordinary method of both use of the machine and attachment of the jib currently employed by experienced and prudent operators. Triers of fact could reasonably have found that appellee's conduct was or was not the negligent and proximate cause of the death of appellant's intestate.

The District Court tried the case without a jury by agreement of the parties and his Memorandum Opinion embraces findings and conclusions that no negligence was shown. Alternatively the District Court found that appellant, who was the estranged wife of decedent and had been separated from him for over two years, had failed to show damages beyond the expenses of his last illness and burial.

█ Our scope of review is limited in such a case. The question is not whether on the record, as we now read it, we would have reached the same result, but whether there is substantial evidence to support the findings and conclusions of the trier of facts, who heard all the evidence and saw all the witnesses. We are not free to retry the issues or evaluate credibility of expert testimony; rather we are limited to deciding whether the choice made by the trier, in this case a judge, was a permissible choice under the evidence. This is true even though, on the cold record as we now read it, we might be inclined to draw different inferences and reach a different result. The limitations on appellate review are set forth in FED.R.CIV.P., Rule 52(a), as to cases tried without a jury:

> "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. * * * "

Here, although the physical facts as to what happened are not significantly disputed, the expert testimony is in sharp conflict and that testimony is critical. Justice Douglas, in United States v. National Association of Real Estate Boards, 339 U.S. 485, 495–496, 70 S.Ct. 711, 707,

94 L.Ed. 1007 (1950), aptly bounded the scope of our review:

"It is not enough that we might give the facts another construction, resolve the ambiguities differently, and find a more sinister cast to actions which the District Court apparently deemed innocent. See United States v. Yellow Cab Co., 338 U.S. 338, 342 [70 S.Ct. 177, 179, 94 L.Ed. 150]; United States v. [United States] Gypsum Co., 333 U.S. 364, 394–395 [68 S.Ct. 525, 541, 92 L.Ed. 746]. We are not given those choices, because our mandate is not to set aside findings of fact 'unless clearly erroneous.'"

█ Appellant also urges that the doctrine of res ipsa loquitur should apply; but the evidence shows clearly that one of the indispensable elements for the application of that doctrine is missing in that the instrumentality was not under the exclusive control of the appellee. Indeed there is substantial evidence that the crane operator, appellee's employee, suggested a course of action which might have avoided the incident and was overruled by one of the decedent's fellow employees in authority at the time. We note the District Court commendably dealt with this point on an alternative basis and indicated that even under the doctrine of res ipsa loquitur he would find that the preponderance of the evidence would not allow a recovery. Under our limited scope of review we see no finding or conclusion which was impermissible under the evidence or "clearly erroneous."

Affirmed.

1. *E.g.*, Travis v. Motor Vessel Rapid Cities, 315 F.2d 805, 809–810 (8th Cir. 1963); Pacific Tow Boat Co. v. States Marine Corp. of Delaware, 276 F.2d 745, 752 (9th Cir. 1960).

2. Castro v. Moore-McCormack Lines, Inc., 325 F.2d 72, 75 (2d Cir. 1963) (citing cases).

BAZELON, Chief Judge (concurring in the result):

I also vote to sustain the determination of the trial judge, sitting without a jury, that the defendant crane company was not negligent and that the doctrine of res ipsa loquitur was not applicable.

I do not believe, however, that these determinations are findings of fact, to be disturbed only if "clearly erroneous," Rule 52(a), FED.R.CIV.P. Several other circuits have read the Supreme Court's opinion in McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954), to indicate that such determinations are findings of fact.[1] But I follow the view of the Supreme Court's action adopted by the Second Circuit, where *McAllister* originated. This view is that ultimate determinations, such as negligence *vel non*, are "mixed questions of law and fact freely reviewable on appeal and not subject in the normal sense to the clearly erroneous limitation."[2] Under this standard, the court separates the legal and factual elements involved in the determination to the extent possible, and applies the standard of review ordinarily applicable to each. "[I]f the trial judge, in assaying the proofs, including questions of credibility and the drawing of inferences of fact, can be shown to have arrived at his conclusory findings by a misapplication of the law, we must set aside the findings thus made."[3]

Here the trial court's law and fact determinations are not sharply delineated. It is sufficiently clear, however, that correct legal principles were applied[4] and that the findings of fact made are not "clearly erroneous."

3. *Id.* at 75–76.

4. For example, I read his determination of "no negligence" to rest on a balancing of testimony that the method of handling the crane jib was unsafe against testimony of industry practice, and not on an improper assessment of conclusive weight to the practice. See Harper & James, THE LAW OF TORTS § 17.3 (1956).