240 A.2d 662 (1968)
Allen COHEN, t/a Alco Auto Sales, Appellant,
v.
Irwin COHEN, Appellee.
No. 4130.
District of Columbia Court of Appeals.
Argued March 18, 1968.
Decided April 16, 1968.
Fred C. Sacks, Washington, D. C., for appellant.
Robert B. Norris, Washington, D. C., with whom Harvey B. Bolton, Jr., Washington, D. C., was on the brief, for appellee.
Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.
*663 MYERS, Associate Judge:
Appellee instituted suit to recover $295 which allegedly became due as a result of the sale of his automobile to appellant, a used car dealer trading as Alco Auto Sales. Appellant answered, denying the existence of any contract of sale and asserting that, as an accommodation to appellee, a friend for many years, he had merely agreed to assist appellee in disposing of the car.
The record reflects that appellee transferred title to his automobile to Alco Auto Sales, which subsequently sold it to one Eugene Randolph for $500, under a conditional sales contract. Randolph made payments to appellant totaling $250, which he forwarded to appellee. When no further payments were made by appellant to appellee, the latter filed this action. After a hearing, the trial judge, sitting without a jury, entered judgment for $250 in favor of appellee. This appeal ensued.
Initially appellant argues that the record does not contain sufficient evidence to support a finding that he agreed to purchase the car, as was necessarily found by the trial judge in rendering judgment for appellee. Appellee testified that he had sold and delivered the car to appellant and produced documentary evidence that title was transferred to Alco Auto Sales. It was shown also that appellant's usual practice, as a used car dealer, was to buy and sell automobiles directly and not to act as an intermediary between sellers and purchasers. The record does contain conflicting testimony and the trial judge could have reached a different conclusion, but it was his province as trier of fact to evaluate the credibility of witnesses and to weigh and determine all factual questions. Because the record reveals substantial evidence to support his finding that the transaction between appellant and appellee was in fact a sale and not an assignment for the purpose of sale to a third party, we will not disturb that finding on appeal. In hearing an attack upon the sufficiency of evidence presented at a trial, the function of an appellate court begins and ends with a search for competent evidence in the record to support the findings made by the trier of fact.[1] Where such evidence exists as it does here, we are not empowered to conduct a second trial of those factual issues and, under the guise of appellate review, substitute our own views for those of the trial judge.
Appellant next contends that the trial judge committed reversible error in refusing to admit into evidence a document described as an assignment. The record does not reveal the contents of the proffered paper or the trial judge's reasons for rejecting it. As appellant did not designate it in the record on appeal, the parties were asked at oral argument if they would be willing to supplement the record before us with a copy of the document in question. Appellant's counsel objected to having it produced for our inspection. We are not in a position to rule upon the admissibility of a document which is not before us and whose contents are unknown to us. In effect, appellant is asking that we presume that the trial judge's ruling was error. On the contrary, without evidence to establish its admissibility, we must presume that the trial judge acted properly in rejecting the document. His ruling must, therefore, stand.
Finally, appellant argues that the trial judge erred in not making specific findings of fact. He claims error even though he did not at any time request such findings. G.S. Rule 52(b) of the trial court does not compel the trial judge to make specific findings. It permits him to *664 do so in his discretion or if either party requests them.[2] In any event, the trial judge did not commit error in making only a general finding in favor of appellee.
As we find no prejudicial error affecting substantial rights, the judgment rendered in favor of appellee is
Affirmed.
NOTES
[1] Bellevue Gardens II, Inc. v. Hill, 111 U.S.App.D.C. 343, 297 F.2d 185 (1961); Svestka v. Pell, D.C.App., 224 A.2d 478 (1966); Hart v. Cherner Motor Co., D.C. Mun.App., 178 A.2d 919 (1962).
[2] G.D.C. Corp. v. National Tire Dealers & Retreaders Ass'n, Inc., D.C.Mun.App. 158 A.2d 473 (1960); Sibert v. Ellis, D.C.Mun.App., 108 A.2d 541 (1954). Many complaints have been made in this court concerning the refusal or failure of trial judges to make specific findings. We have no power to make or change the rules of the trial court. Counsel must make their complaints to the trial court to effect any rule changes. We would like in all cases to have the basis for the trial judge's rulings.