**WASHINGTON GAS LIGHT COMPANY, a body corporate, Appellant,**

**v.**

**GEORGE A. FULLER COMPANY, a body corporate, and Eastern Foundation Company, Inc., a body corporate, Appellees.**

**No. 4691.**

District of Columbia Court of Appeals.

Argued July 28, 1969.

Decided Oct. 15, 1969.

---

Jo V. Morgan, Jr., with whom John J. Wilson and Henry F. Krautwurst, Washington, D. C., were on the brief, for appellant.

Dickson R. Loos, with whom Alexander M. Heron, Washington, D. C., was on the brief, for appellee George A. Fuller Co.

Frank F. Roberson, Washington, D. C., with whom Carl L. Taylor, Washington, D. C., was on the brief, for appellee Eastern Foundation Co., Inc. Branko Stupar, Washington, D. C., also entered an appearance for appellee Eastern Foundation Co., Inc.

Before KELLY, GALLAGHER and NEBEKER, Associate Judges.

KELLY, Associate Judge:

On the morning of May 21, 1964, a cave-in of the east side of an excavation at Wisconsin Avenue, north of Western Avenue, in Montgomery County, Maryland, caused damage in the stipulated amount of $6,812.09 to appellant's gas main located in the bed of Wisconsin Avenue. Appellant sued in negligence to recover this sum from appellee George A. Fuller Company, the general contractor on the job, and appellee Eastern Foundation Company, Inc., the sheeting and shoring subcontractor. Fuller cross-claimed against Eastern for contrac-

tual indemnity. After trial by the court without a jury, the trial judge made written findings of fact and conclusions of law in which he decided that appellant had failed to prove by a preponderance of the evidence that either Fuller or Eastern was negligent or that either had proximately caused damage to its gas main. Appellant then moved the court, pursuant to GS Civil Rule 52, to amend its findings of fact and conclusions of law, to make additional findings of fact, and for a new trial. All motions were denied and judgment was entered for appellees. We affirm.

The court's findings of fact included a recitation of evidence presented at trial pertinent to a general finding of no negligence on the part of either defendant. Appellant nevertheless contends that the court failed to make additional findings of fact, also supported by the evidence; that it made other findings of fact which were incorrect, and that it should have amended its conclusions of law to hold each appellee negligent. The short answer to these contentions is that a trial judge need find only the ultimate facts necessary to his decision, Klimkiewicz v. Westminister Deposit & Trust Co., 74 App.D.C. 333, 122 F.2d 957 (1941), cert. denied, 315 U.S. 805, 62 S.Ct. 633, 86 L.Ed. 1204 (1942); cf. Schilling v. Schwitzer-Cummins Co., 79 U.S. App.D.C. 20, 142 F.2d 82 (1944), and that once made and entered on the docket, the trial judge may not thereafter amend or change his findings of fact in such manner as to reverse his decision. Rice v. Simmons, D.C.Mun.App., 53 A.2d 587 (1947).

Appellant also argues that the court's findings are clearly erroneous and without support in the evidence. The thrust of this argument is that the court failed to adopt Eastern's comprehensive and logical explanation of how and why the accident occurred. Appellant's original theory, in support of which its experts testified, was that the shoring collapsed because it had not been installed in accordance with the plans and specifications, thus the cave-in which resulted in damage to the gas main. East-

ern's explanation was that the accident resulted from a series of events starting with the premature removal of berm, or earth, from the excavation, causing the movement of a number of soldier beams (part of the shoring) and the earth behind them. Thereafter, in sequence, the causative factors were the blasting of rock by the excavator; the pumping of water and silt from the excavation, causing subsidence in the soil behind the shoring, and the bursting of a water main, causing hydrostatic pressure to build behind the shoring. According to the testimony of an Eastern vice-president, the combination of these factors caused an "explosion" as distinguished from a gradual cave-in, resulting in the break in appellant's gas main. It is appellant's position that to accept this version of the accident, as appellant willingly does, is to compel a finding of negligence in Eastern's failure to take any preventive action when it first learned of the original overexcavation of berm and movement of the soldier beams and recognized that an accident might occur.

■ At the trial before the court the testimony of both expert and lay witnesses conflicted on issues of fact and on matters of opinion bearing on the cause of the cave-in which damaged appellant's gas main. Without reciting these conflicts, it is sufficient to say that on this record the trial judge need not have adopted Eastern's explanation of the accident, as appellant would have him do, but even if he had done so, he still was not compelled to find that Eastern was negligent as a matter of fact or a matter of law.

The claimed negligence of Fuller was the alleged failure of its employee to notify anyone of the excessive amount of water in the excavation, indicating a leak which he believed to be dangerous. However, this issue also presented a question of fact for resolution by the trial court and was decided adversely to appellant. We conclude that there is substantial evidence in the record to support the findings and conclusions of the trial court as to both appellees. Socash v. Addison Crane Co., 120 U.S.App.D.C. 308, 346 F.2d 420 (1965); Bellevue Gardens, Inc. v. Hill, 111 U.S.App.D.C. 343, 297 F.2d 185 (1961).

Affirmed.