**NATION–WIDE CHECK CORPORATION,**
a corporation, Appellant,

v.

**Alonzo J. BANKS and Madison National
Bank, Appellees.**

No. 4622.

District of Columbia Court of Appeals.

Argued Sept. 30, 1969.

Decided Dec. 31, 1969.

Jacob Sheeskin, Washington, D. C., for appellant.

Quentin W. Banks, Washington, D. C., for appellee Alonzo J. Banks.

Michael Schneiderman, Washington, D. C., with whom Charles R. Halpern and John D. Hawke, Jr., Washington, D. C., were on the brief, for appellee Madison National Bank.

Before HOOD, Chief Judge, and FICKLING and NEBEKER, Associate Judges.

HOOD, Chief Judge.

Appellant, Nation-Wide Check Corporation, hereafter called Nation-Wide, is engaged in selling money orders through 4000 agencies in 17 states. Its agents are usually drugstores, grocery stores, and the like. Nation-Wide delivers to its agents numbered blank money orders on the face of which is printed "Payable Through Maryland National Bank" and "Not Valid

Over $100.00." Also are printed the words "Pay the sum of". When an order is purchased the agent, with the machine furnished by Nation-Wide, stamps in the amount. On the lower portion of the money order are the words "Payable to" preceding a blank line and beneath this is the word "From" likewise preceding a blank line. It is the usual practice to deliver to the purchaser the order with the name of the remitter and payee in blank and the purchaser thereafter fills in the blanks.

One of Nation-Wide's agents in the District of Columbia was George Robinson who operated a drugstore. On a Sunday night Robinson went to the home of one Paul Winestock, a business associate of Alonzo Banks, and there Robinson delivered to Winestock 43 Nation-Wide money orders, each in the sum of $100.00. In return Winestock gave Robinson $4300.-00 in cash. According to the testimony of both Winestock and Banks, the money given Robinson belonged to Banks and the transaction occurred with Banks' permission. Also, according to them, neither of them had any need for the money orders. The transaction was simply a favor by Winestock for his friend Robinson.[1]

The following day Winestock gave the money orders to Banks who filled in his own name as both the remitter and payee of the orders. Banks took the money orders to the Madison National Bank, one of the appellees here and hereafter called Madison, and opened an account, depositing $3300.00 of the money orders, and cashing $1000.00 of them. A short time later Banks withdrew all, or nearly all, of the deposit.

Nation-Wide stopped payment on the money orders. Robinson, the agent, had disappeared. His account with Nation-Wide was in arrears, and his store was closed.

Banks brought this action for $4300.00 the total amount of the money orders, against Nation-Wide and Robinson.[2] Madison intervened and made a like claim against Nation-Wide and Banks. Madison was awarded summary judgment against Banks and no appeal was taken from that judgment. The case went to trial without a jury on the claims of Banks and Madison against Nation-Wide. At the conclusion of the testimony and after argument by counsel, the trial court announced its finding in the following manner:

> There is so little law on it but I am convinced that the principal should bear the loss of the agent's lack of fidelity. This is in effect a kind of cashier's check. People do rely on it, they assume that the credit of the issuer of the money order will stand by it. And in line with that reasoning and the few cases that were cited in the memorandum, I find for the plaintiff Banks and for the plaintiff Madison National Bank.

The failure of the trial court to make specific findings of fact and conclusions of law makes it difficult, if not impossible, for us to know the basis on which the court awarded the judgment. If the court equated a money order of this type with a cashier's check issued by a bank, it was in error. A cashier's check is a negotiable instrument. The money orders here under consideration were not "payable to order or to bearer" and thus were nonnegotiable.[3] Consequently neither Banks nor Madison was a holder in due course,

---

1. There was evidence that Robinson was present in a gambling establishment that evening.

2. After the action was filed but before trial Robinson died in Atlanta, Georgia, of a gunshot wound.

3. D.C.Code 1967, § 28:3–104(1) (d). This is a part of the Uniform Commercial Code, and hereafter will be cited as U.C.C.

and Madison has no greater rights than Banks.[4] Therefore cases dealing with negotiable instruments such as cashier's checks, treasurer's checks, bank money orders, and traveler's checks, have little bearing on this case.[5]

The statement of the trial court that the principal should bear the loss resulting from the agent's lack of fidelity is not clear. What constituted the lack of fidelity? Was it the failure to remit the $4300.-00 to the principal or was it the use of the money orders for a personal transaction by the agent? It was Nation-Wide's contention that Banks, or his agent Winestock, did not in fact purchase the money orders but actually made a personal loan of $4300.00 to Robinson and took the money orders as security for that loan—money orders which they knew did not belong personally to Robinson.[6] The court did not answer that contention. Appellees argue that the court's decision was no more than an application of the rule that where one of two innocent persons must suffer from the fraud of a third person, the loss must fall on him who made it possible or set the wrong in action.[7] But the court made no finding that Banks was an innocent party in the transaction and it left unanswered the question of what constituted the fraud, who perpetrated it, and who was defrauded.

With so many unanswered questions presented by the record, and in the absence of specific findings of fact and conclusions of law, we are unable to hold in this case that the judgment is supported by the evidence. A new trial must be ordered.

The trial court's Rule GS–52(b) provides that in nonjury civil cases the court *may* find the facts specially and state separately its conclusions of law. Unlike Federal Rule of Civil Procedure 52(a), the trial court's rule is permissive and not mandatory.[8] On frequent occasions we have reminded the trial court that in nonjury trials findings of fact and conclusions of law are most helpful in an intelligent review on appeal, and if the trial court is unwilling to make its rule mandatory, the individual judges should in fairness to the parties, and to this court, make findings of fact and conclusions of law.[9] Such a practice would avoid situations such as the present.[10]

In view of the necessity of a new trial we make the following observations. The case went to trial as if there were two separate claims, one by Banks and one by Madison, and apparently because of this the trial court entered judgment in favor of Banks against Nation-Wide for $4300.00

4. U.C.C. 3–201(1).

5. *See* Whitehead v. American Security & Trust Co., 109 U.S.App.D.C. 202, 285 F.2d 282 (1960); Berry v. United States, 271 F.2d 775 (5th Cir. 1959); Ross v. Peck Iron & Metal Co., 264 F.2d 262 (4th Cir. 1959); United States v. Milton, 253 F.Supp. 89 (N.D.Ohio 1966); State ex rel. Babcock v. Perkins, 165 Ohio St. 185, 134 N.E.2d 839 (1956); Rose Check Cashing Service, Inc. v. Chemical Bank New York Trust Co., 43 Misc.2d 679, 252 N.Y.S.2d 100 (Sup.Ct. 1964); Cross v. Exchange Bank Co., 110 Ohio App. 219, 168 N.E.2d 910 (1958).

6. *See* U.C.C. 3–304(2).

7. *See* Concordia Lutheran Evan. Church v. United States Cas. Co., D.C.Mun.App., 115 A.2d 307 (1955).

8. It may be noted that the trial court's Criminal Rule 14 II(b) provides that in nonjury criminal trials the court on request *shall* find the facts specially.

9. Murchison v. Peoples Contractors, Ltd., D.C.App., 250 A.2d 920, 923 (1969); Howell v. Steffey, D.C.App., 204 A.2d 695, 697 (1964); G.D.C. Corp. v. National Tire Dealers & Retread. Ass'n, D.C.Mun.App., 158 A.2d 473, 474 (1960); Sibert v. Ellis, D.C.Mun.App., 108 A.2d 541, 543 (1954); Politz v. Brand, D.C. Mun.App., 98 A.2d 21, 22 (1953); Kraft v. Lowe, D.C.Mun.App., 77 A.2d 554, 555 (1950).

10. A number of trial judges do follow this practice.

and entered a like judgment in favor of Madison against Nation-Wide. Actually there was only one claim and there should be only one judgment. The claim is that of Madison as holder of the money orders transferred to it by Banks, and Madison's rights are no greater than those of Banks'. Although Madison is not a holder in due course, it is treated as a holder [11] and as such may establish its case by production of the instruments, and the burden of proving want of consideration or any other defense is upon Nation-Wide.[12]

Reversed with instructions to grant a new trial.

---

11. *See* U.C.C. 3–805 and comment.

12. U.C.C. 3–307(2) ; U.C.C. 3–306.