Owen DORNAN, Appellant,

v.

ROYAL MOTORS, INC., Appellee.

No. 5408.

District of Columbia Court of Appeals.

Argued Oct. 6, 1970.

Decided Dec. 3, 1970.

John J. Dwyer, Washington, D. C., for appellant.

Lyon L. Tyler, Jr., Washington, D. C., for appellee.

Before KERN and NEBEKER, Associate Judges, and QUINN, Associate Judge, Retired.

QUINN, Associate Judge, Retired:

Appellant filed a complaint against appellee, Royal Motors, Inc., for money allegedly owed pursuant to his employment as a sales manager. Appellant claimed he was entitled to override payments on certain automobile fleet sales, severance pay, and the cost of a trip to Ireland. The trial court found for appellee on all three issues. Appellant's motion for judgment notwithstanding the verdict was then denied and this appeal ensued.

On appeal we are concerned solely with the issue of whether appellant was entitled to the cost of a trip to Ireland. He has neither briefed nor argued his contentions concerning the override payments and severance pay allegedly owed him by appellee. Suffice it to say, with regard to these two contentions, we find there is sufficient evidence to sustain the trial court's finding.

In July 1968 appellant commenced working for appellee as a sales manager. While so employed, the evidence shows that appellee's president promised him a trip to Ireland with all expenses paid. The consideration for such was to be appellant's future efforts

as a sales manager.  In April 1969 the parties became involved in a controversy concerning appellant's wages and the employment terminated.[1]  A short time thereafter appellee offered and appellant accepted a check presumably intended to represent a final and satisfactory termination of their employment relationship.  The trip to Ireland was not mentioned at that time.

■  The question of whether appellee is indebted to appellant for the cost of a trip to Ireland has been considerably complicated by disagreement between opposing counsel as to the meaning and import of the oral findings made by the trial judge.  We hold that the findings, read in their entirety, do not support appellant's contention that the court erroneously based its decision on a finding of an accord and satisfaction.  Clearly, the trial judge found that appellee's promise of a trip to Ireland was not meant to be a gift.[2]  It is also obvious that the court found that appellant did not give full consideration for the promised trip.[3]  It was, therefore, the conclusion of the trial judge that appellant failed to establish the existence of an enforceable contract by a preponderance of the evidence.[4]  The court made an additional finding that appellant was *satisfied* with the final check given him by appellee; *i. e.*, the parties had arrived at an arrangement denoting a satisfactory termination of their employment relationship.  The court was simply noting that appellant, in acquiescing in the posttermination arrangement, realized and accepted the fact that the termination of his employment prevented his giving full consideration for the promised trip.  This is a far cry from a finding of an accord and satisfaction; since such was not found, appellant's contention that appellee waived this affirmative defense by failing to plead it[5] is irrelevant to this case.

■  Remaining for consideration is the question of whether the decision of the trial court is sustainable either in compliance with its findings or on other grounds.  Presented to us on this appeal is a mixed question of fact and law in that the facts proving or disproving appellee's promise of a trip to Ireland and the consideration given by appellant for such trip also determine the existence or nonexistence of a binding contract.  While we are not bound by the oral findings of the trial court since a mixed question of fact and law is concerned,[6] we lend credence to such findings since only the trial judge had an opportunity to observe the demeanor and credibility of the witnesses.[7]  The credibility factor is particularly important in this case as the testimony of the witnesses is dispositive of the questions of whether a promise of a trip was in fact made and whether appellant gave the required consideration.

Taking into account the findings of the trial court and the testimony in the record, it is our opinion that, as a matter of law, appellant, due to his failure to provide consideration for the promised trip, lost any right that he may have had under the contract.

Affirmed.

1.  Conflicting testimony was presented as to whether appellant's termination of employment was voluntary or involuntary.

2.  " * * *  I agree with Mr. Dwyer, that this [promise] was not to be a gift, as the testimony outlined it, at least, it was to have been granted him for good consideration.  Namely, his efforts as sales manager. * * *"

3.  "I add, that it is obvious that the Defendant didn't receive his full consideration for the alleged promise of a trip to Ireland * * *."

4.  " * * *  He [plaintiff] has not established his case by a preponderance of the evidence. * * *"

5.  GS Civ.Rule 8(c).

6.  Ashland Oil & Refining Co. v. Kenny Construction Co., 395 F.2d 683 (6th Cir. 1968).

7.  Socash v. Addison Crane Company, 120 U.S.App.D.C. 308, 310, 346 F.2d 420, 422 (1965) (concurring opinion).